(76 South. 948)

SANITARY PLUMBING CO. v. SIMPSON et al. (8 Div. 58.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. MECHANICS' LIENS ☞271(4)—SUITS TO ENFORCE—ALLEGATIONS OF OWNERSHIP.

Under Code 1907, § 4754 et seq., giving a lien to mechanics and materialmen, and section 4765, providing relative to the enforcement of such liens that the complaint shall contain a description of the property on which the lien is claimed and shall allege the facts necessary to entitle plaintiff to the lien and the enforcement thereof, a complaint, not alleging that the defendant against whom the lien was sought to be enforced was the owner or proprietor of the property, and not alleging who was the owner or proprietor, was insufficient.

2. MECHANICS' LIENS ☞263(9), 271(4) — SUITS TO ENFORCE—ALLEGATIONS OF OWNERSHIP—PARTIES.

Code 1907, § 4774, makes provision for one who has furnished materials to a contractor to give notice to the owner to answer under oath, the amount of the indebtedness to the contractor, and for proceedings against the owner as in garnishment cases. Held, that a count in the complaint could not be construed as coming within this section, where the contractor had been dismissed as a party to the suit, and the count did not allege who the owner or proprietor of the property was.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Suit by the Sanitary Plumbing Company against Mary D. Simpson, individually and as executrix, and others. From a judgment for defendants, plaintiff appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Eyster & Eyster, of Albany, for appellant. E. C. Nix and Tennis Tidwell, both of Albany, for appellees.

GARDNER, J. Plaintiff (appellant here) brought suit against the appellees for the purpose of establishing and enforcing a mechanic's and materialman's lien upon a two-story brick residence in Decatur, Ala., as provided by article 1, c. 107, Code 1907. The contract, as disclosed by the complaint, for the erection of this dwelling, was entered into by W. H. Simpson, now deceased, with one Ross as the original contractor, and the plaintiffs then entered into a contract with said Ross for the installation of the plumb-ing in this building. The suit was originally brought against said Ross, the contractor, and Mary D. Simpson as executrix of the estate of W. H. Simpson, deceased, and also against her individually; but when the cause was called for trial the complaint was amended by striking out said Ross as a party defendant. The trial resulted in a judgment for defendant, and the only assignments of error here insisted upon are those relating to the action of the court in sustaining demurrer to some of the counts of the complaint as originally framed.

[1] The first assignment of error insisted upon relates to the sustaining of demurrer of Mary D. Simpson as executrix to count 4. While this count shows the original contract for the erection of the building was between W. H. Simpson and said R. G. Ross, with a balance due to said Ross by said Simpson, and the contract on the part of the plaintiff with said Ross, with a balance due plaintiff thereunder, yet it fails to allege that W. H. Simpson was the owner or proprietor of the property, or, in fact, who was the owner or proprietor of the same. This point was taken by several of the assignments of demurrer, and doubtless the action of the court was based largely thereon.

In Cook v. Rome Brick Co., 98 Ala. 409, 12 South. 918, it was held that, in actions of this character, the facts necessary to the creation of a lien must be alleged and proven, and indeed such is the language of section 4765 of the Code of 1907. We think it clear that the complaint should allege who was the owner or proprietor of the property upon which the lien is sought to be establised. Section 4754 et seq., Code 1907; Wadsworth v. Hodge, 88 Ala. 500, 7 South. 194; Hawkins Lumber Co. v. Brown, 100 Ala. 217, 14 South. 110; First Ave. C. & L. Co. v. McWilson, 182 Ala. 276, 62 South. 531; 27 Cyc. 374; 13 Enc. P. & P. 969, 970. There was no error, therefore, in this ruling of the court. For like reason, the action of the court in sustaining demurrer to some of the other counts of the complaint was justified.

[2] It is indicated in brief of counsel for appellant that the count above discussed is subject to the construction that it only sought recovery for the unpaid balance. Section 4774 (Code 1907) makes provision for one who has furnished material to a contractor to give notice to the owner to answer under oath the amount of the indebtedness to the contractor on his contract, and proceedings had against the owner as in garnishment cases; the succeeding section has reference to this proceeding. Nunnally v. Dorand, 110 Ala. 539, 18 South. 5. These statutes, however, require that the contractor shall be a necessary party defendant thereto, and the count under consideration, not only fails to aver who was owner or proprietor

of the property, but the record discloses that at the time of the filing of the demurrers to these counts the complaint had been amended by striking Ross, the contractor, as a party to the suit. In this attitude of the record, therefore, this count could not be construed as coming within the provisions of said statute.

We have here discussed the only questions argued by counsel for appellant, and, finding no error, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.