(81 South. 816)

WILBOURNE et al. v. MANN et al.
(6 Div. 833.)

(Supreme Court of Alabama. April 17, 1919.)

1. JURY ⬤⟾13(11)—MECHANICS' LIENS—JURY TRIAL.

In a suit in equity to enforce a mechanic's lien on real property subject to mortgage, the mortgagee may not demand as a matter of right under Code 1907, § 3201, a jury trial of questions of fact involved.

2. TRIAL ⬤⟾11(1) — IMPROPER DOCKETING — STATUTES.

Act Sept. 28, 1915 (Laws 1915, p. 830), regulating the disposition of cases improperly brought as suits in equity, and the disposition of suits at law when an equitable question arises, was enacted for the purpose of avoiding the bar of limitations by improper filing or docketing of a cause.

3. LIMITATION OF ACTIONS ⬤⟾120—TRANSFER OF CAUSES—WANT OF JURISDICTION.

Where a suit to enforce a mechanic's lien is properly brought in the circuit court and duly transferred by order of the court to the equity docket, the bar of the statute of limitations is avoided, though the original bill was not filed in the equity division of the circuit court within the six months' period after the maturity of the indebtedness, as required by Code 1907, § 4777.

4. MECHANICS' LIENS ⬤⟾271(15), 277(2) — PLEADING AND PROOF—FILING OF STATEMENT OF LIEN.

In a suit to enforce a mechanic's lien against property subject to mortgage, filing of the written statement required by Code 1907, § 4758, must be averred and proved.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Suit by Felton Mann and others against Elizabeth P. Wilbourne and others. Decree for plaintiffs, and defendants appeal. Affirmed.

Z. T. Rudulph, of Birmingham, for appellants.

Isham D. Hobbs, of Birmingham, for appellees.

THOMAS, J. The bill was to enforce a mechanic's lien on real properties subject to mortgage.

[1] The mortgagee, appearing (in equity) by demurrer and answer, demanded a trial by jury of the questions "of fact involved," which request was not granted by the court. It was not a case where such demand may be made as a matter of right. Code, 1907, § 3201; Ex parte Baader, 77 South. 370;[1] A., T. & N. Ry. Co. v. Aliceville Lumber Co., 74 South. 441;[2] Rice v. Tobias, 83 Ala. 348, 3 South. 670; Hill v. Barge, 12 Ala. 687; Adams v. Munter, 74 Ala. 338; Mathews v. Forniss, 91 Ala. 157, 8 South. 661; McCutchen v. Loggins, 109 Ala. 457, 19 South. 810; Ex parte Colvert, 188 Ala. 650, 65 South. 964; Cummings v. McDonnell, 189 Ala. 96, 66 South. 717; Stephens v. Richardson, 189 Ala. 360, 66 South. 497; Gen. Acts 1915, p. 939.

In proper cases the liens of materialmen and mechanics have been enforced by a court of equity, against real properties the subject of a mortgage, to the extent only of the increase in value of the mortgaged property because of the labor done and material furnished or repairs made thereon. Jefferson County Sav. Bank v. Ben. F. Barbour P. & E. Co., 191 Ala. 238, 68 South. 43; Wimberly v. Mayberry, 94 Ala. 240, 10 South. 157, 14 L. R. A. 305. In response to demurrer, the bill was so amended as to claim a lien on the mortgaged real properties only for such increase in value by reason of such materials furnished and improvements made by complainants.

The first and third grounds of demurrer challenge the sufficiency of the bill in not averring that suit was brought for the enforcement of the statutory lien within six months after the maturity of the entire indebtedness secured thereby. Code, § 4777; Jefferson County Savings Bank v. Barbour, etc., supra; Jefferson P. & M. Supply Co. v. Peebles, 195 Ala. 608, 71 South. 413; College Court Realty Co. v. J. C. Letcher Lumber Co., 201 Ala. 361, 78 South. 217; Sorsby v. Lumber Co., 202 Ala. 566, 81 South. 68.

The record discloses that the original bill was filed in equity division of the circuit court of Jefferson county on January 13, 1917; that the declaration of Mann Bros.' lien was filed in the probate office May 19, 1916, and stated the indebtedness in question accrued on November 30, 1915. Without other averment, the bill would show on its face that more than six months had elapsed from the accrual of the indebtedness to the filing of the bill in equity; the court having jurisdiction to proceed to a final judgment as to priority of the lien as it affects the interest of a mortgagee. Such defect in jurisdictional averment of a bill in equity seeking to fix a mechanic's lien superior to that of a mortgagee was challenged by demurrer in Jefferson Co. Savings Bank v. Bar-

bour, etc., supra, 191 Ala. 242, 68 South. 43, and held proper.

To avoid the bar of the statute, it was averred that on November 30, 1915, complainants furnished labor and material for the improvement and repair of a building on the lands described by virtue of a contract with Elizabeth P. Wilbourne, and that this labor was performed and material used in making improvements upon said premises in repairing a building thereon as per contract with the owner; the filing of the claim for the lien in the office of the judge of probate of Jefferson county is averred and made a part of the bill by exhibit; and it is further averred that "suit was brought in the circuit court of Jefferson county, Ala., to enforce said lien on the 20th day of May, 1916, and within six months from the time the debt accrued." The existence of the mortgage upon the lot and improvements executed by Mrs. M. R. Herren to B. B. Rudolph is further averred, and that after the execution of said mortgage Mrs. Herren conveyed the property to Mrs. Elizabeth P. Wilbourne, the owner of the same at the time the material was furnished and the labor performed. The caption of the bill containing the names of the parties, including B. B. Rudolph, and "this cause having been transferred from the law side of the court to the equity side of the court by decree and order of the court," is sufficient to show that the suit brought in the circuit court was for the enforcement of the same lien and against the parties, including said Rudolph, to this bill.

[2] Act September 28, 1915, p. 830, "to further regulate the practice and proceedings in the disposition of cases improperly brought as suits in equity or in the improper court, and to prescribe the manner of disposing of suits at law when an equitable question arises therein," made ample provision for the transfer, by the court ex mero motu, or on motion of parties, of causes improperly docketed in the law side of the court when an equitable question is presented, or in the equity side of the court when the matter for decision is for disposition of the law side of the court. The very purpose of the act was to avoid the bar of the statute of limitations by such improper filing or docketing of a cause, and that the same may proceed to a hearing at law or in equity, as the case should require, without the delay and expense of bringing new suits or of being barred by statutes of limitations. Ex parte City Bank & Trust Co., 200 Ala. 440, 76 South. 372; Ex parte State ex rel. Atty. Gen., 197 Ala. 570, 73 South. 101; Peebles v. Bank of Pollard, 201 Ala. 518, 78 South. 872; Gen. Acts 1915, pp. 279, 598, 608.

[3] If the cause was originally brought against the proper parties in the circuit court of Jefferson county and duly transferred by order of court to the equity docket thereof,

[1] 201 Ala. 76.    [2] 199 Ala. 391.

the bar of the statute would be avoided, though the filing of the original bill pursuant to such order and the rules governing the practice in courts of equity to enforce mechanics' and materialmen's liens were not filed in the equity division of the circuit court within the six months' period after the maturity of the entire indebtedness secured by the lien sought to be enforced.

The eighth ground of demurrer was that there is no equity in the bill against Rudolph. There was no specific ground of demurrer that the bill did not allege that within the time required by statute after the indebtedness had accrued—the maturity of the entire indebtedness thereby secured—the written statement required by law was filed in the office of the judge of probate in perfection of the mechanic's and materialman's lien therefor. Section 4758, Code 1907; Gilbert v. Talladega Hardware Co., 195 Ala. 474, 70 South. 660; Jefferson Plumbers' & M. S. Co. v. Peebles, 195 Ala. 608, 71 South. 413; College Court Realty Co. v. J. C. Letcher Lbr. Co., 78 South. 217;[3] College Court Realty Co. v. J. C. Letcher Lbr. Co., 78 South. (2) 218;[4] Garrison v. Hawkins Lbr. Co., 111 Ala. 308, 20 South. 427; Cutliff v. McAnally, 88 Ala. 507, 7 South. 331; Robinson v. Crotwell Bros. Lbr. Co., 167 Ala. 566, 52 South. 733.

[4] Such fact must be averred and proved to warrant the statutory relief against the owners of the property; that is, as against the owner of the fee or against a mortgagee holding the property as security for his debt. The bill shows that the indebtedness in question accrued (matured) on November 30, 1915, and the declaration in writing was filed in the probate office on May 19, 1916, or within six months from the date of maturity and more than four months thereafter. The averments of the bill and written declaration filed in the probate office were that the matured debt for material and labor furnished for buildings or improvements on land by virtue of a contract with the owner or proprietor thereof came within the six months' provision of the statute. Gilbert v. Talladega Hardware Co., supra; Wahouma Drug Co. v. Kirkpatrick Sand & Cement Co., 187 Ala. 318, 65 South. 825; Trammell v. Hudmon, 78 Ala. 222.

In the case of Robinson v. Crotwell Bros. Lbr. Co., supra, the bill was tested by demurrer on the specified ground that there was no allegation that within the time required by law after indebtedness accrued the statement required by law was filed in the probate office. Such is not the demurrer in the instant case and in this respect the cases are different. In the second place, the exhibit to the bill in the Robinson Case only stated the date of maturity in a "note" thereto; here the date of maturity is shown in the written declaration and as a material part thereof. It may be that on appropriate demurrer the instant bill should have been made more specific in averment as to date of maturity of the debt, and that the written declaration of the mechanic's and materialman's claim was filed within six months of the maturity of the whole claim of complainants. Defects in matter of form are not tested by the general demurrer. If there is such defect, it is considered as amended when so tested. Brannan v. Adams, 80 South. 826;[5] McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 South. 567; Singo v. Brainard, 173 Ala. 64, 55 South. 603.

Under the pleading and proof, we are of opinion that there was no error in rendition of the decree, which is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.