(135 So. 446)

**WOODALL v. SOUTHERN MFG. CO.**

**7 Div. 2.**

Supreme Court of Alabama.

June 18, 1931.

Miller & Miller, of Gadsden, for appellant.

W. T. Murphree, of Gadsden, for appellee.

THOMAS, J.

The appeal is from a decree overruling demurrer to the bill as amended to enforce the materialman's lien on real property improved.

The original bill, exhibits, and the amendment will be considered together as one pleading, and may supplement the other on demurrer. Grimsley v. First Ave. Coal & Lbr. Co., 217 Ala. 159, 115 So. 90.

The right to proceed in equity for the enforcement of liens of this character is given by section 8842 of the Code.

The allegation of the bill is that, after the home was finished, the parties had an agreement as to when the price of the materials was to be paid. The debt therefore matured in the agreed monthly installments averred, and this was not a novation of the building contract with the owner, and not a discharge of the lien thereon.

A court of equity will not enforce the claim of respondent that the suit was brought before the claim accrued. It is averred the installment payments were not made before the bankruptcy, and she may not, while in default and bankruptcy, secure a homestead freed of the builder's lien, under an agreement of extended payments or accrual of the claim. The suit was not instituted before the maturity of the debt. Lane & Bodley Co. v. Jones, 79 Ala. 156; Cutcliff v. McAnally, 88 Ala. 507, 7 So. 331. The suit for lien was within six months after the debt accrued according to the contract fixing the due date thereof. Section 8855, Code; Lane & Bodley Co. v. Jones, supra.

The bill averred that a part of the debt had matured according to contract and when the bill was filed; and, if the entire debt had not matured, no apt ground was directed to that phase.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.