141 So. 248

## FOSTER v. PRINCE.

### 4 Div. 628.

Supreme Court of Alabama.
April 7, 1932.

Cope & Cope, of Union Springs, for appellant.

T. S. Frazer, of Union Springs, for appellee.

BOULDIN, J.

The action was brought to enforce a materialman's lien. Code, § 8832 et seq.

Defendant pleaded the general issue in short, etc.

On the trial the verdict of the jury was: "We, the jury, find the issue in favor of the plaintiff and assess the damages at the sum

524

of $162.83." It was silent as to the lien. Thereupon the court rendered a personal judgment against defendant for the debt as per the verdict.

This was in November, 1930. In May following the plaintiff filed a motion to amend the judgment nunc pro tunc "according to the evidence had at the hearing of said cause," so as to declare a lien as per the complaint. On the hearing of such motion, the plaintiff offered all the testimony taken on the trial.

The court entered an amended judgment declaring a lien on the property and condemning same to sale for the satisfaction of debt and costs. From this amended judgment defendant appeals.

■ To enforce a materialman's lien, the complaint must allege the facts which entitle plaintiff to a lien and the enforcement thereof. These facts include the existence of the debt and of the special facts giving a materialman's lien on the property as security for the debt, facts showing a lien has attached, and has been preserved by the statement required by law to be filed in the office of the judge of probate.

■ When put in issue, the burden is on plaintiff to prove all the facts essential to the existence and enforcement of his lien. Sanitary Plumbing Co. v. Simpson, 200 Ala. 590, 76 So. 948.

By statute, the defendant, by appropriate plea, may put in issue the existence of the debt, or the existence of the lien, or both. Code, § 8848.

■ The general issue traverses all the material averments of the complaint, and casts on plaintiff the burden of proof as to the existence of the debt and also of the lien.

■ When, as here, a jury is demanded, all these issues are for the jury. If, under the evidence, the jury found the issue of indebtedness for the plaintiff, but failed to find the existence of a lien, the statute declares a judgment should go for the amount thereof.

Such was the verdict here.

■■ If the verdict does not respond to all the issues, as per instructions, the court should decline to receive the verdict and have the jury return a verdict covering the issues presented.

It is error for the court then, or at any other time, to proceed to determine the issues upon the evidence, and render a judgment accordingly. From our earliest judicial history, such course has been held an invasion of the province of the jury. Goldstein v. Leake, 138 Ala. 573, 36 So. 458; Lee v. Campbell's Heirs, 4 Port. 198; Sewall v.

Glidden, 1 Ala. 52; 2 Thompson on Trials, § 2651.

The case of Bedsole v. Peters, 79 Ala. 133, decided in 1885, arose under section 3449, Code of 1876. That decision probably led to the entire recasting of the statute in the Code of 1886, § 3034, now section 8848 of the Code of 1923.

There is no occasion to deal with the general doctrine of amendment nunc pro tunc. The court was in error in entering a judgment not supported by the verdict at any time.

Judgment reversed and one here rendered denying the motion to amend.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.