122 So.2d 594

**Ex parte J. R. SPENCE.**

**6 Div. 505.**

Supreme Court of Alabama.

Aug. 18, 1960.

Herbert Ezzell, Birmingham, for petitioner.

Maurice F. Bishop and Donald L. Morris, Birmingham, for respondent.

LAWSON, Justice.

This is an original petition to this court by J. R. Spence for a writ of mandamus to the Honorable Allen D. Rushton, as a special judge of the Circuit Court of Jefferson County, in Equity, commanding him to vacate and set aside an order or decree overruling Spence's motion to strike a demand for jury trial.

The demand was filed by Wylam Presbyterian Church in a mechanic's lien suit instituted in the Circuit Court of Jefferson County, in Equity, on March 6, 1959, by Spence against Wylam Presbyterian Church, a corporation, as owner of the property on which the mechanic's lien was sought to be established, and against the First National Bank of Birmingham, a corporation, which was alleged to hold a mortgage on that property.

Following the filing of the petition for mandamus an answer was filed here on behalf of the respondent, the special judge, by counsel who appeared below for Wylam Presbyterian Church. The issuance of the rule nisi was waived.

That mandamus is the proper remedy to review the respondent judge's action in overruling Spence's motion to strike the demand for jury trial is not questioned, and in fact seems to be conceded. See Ex parte Hall, 255 Ala. 98, 50 So.2d 264, and Ex parte Merchants Nat. Bank of Mobile, 257 Ala. 663, 60 So.2d 684.

The answer admits the material facts averred in the petition and denies the conclusions therein as to the invalidity of the order overruling Spence's motion to strike the demand for jury trial.

We look, therefore, to the petition for mandamus and the exhibits thereto to determine whether or not a case is made for the issuance of a peremptory writ of mandamus. See Ex parte Hall, supra.

The bill filed on March 6, 1959, averred that Spence, a building contractor, had furnished materials and performed work in making additions to and renovation of the Wylam Presbyterian Church, Wylam, Alabama, hereafter sometimes referred to as the church; that Spence had not been fully compensated for the materials furnished and work done. The bill further alleges that after Spence had commenced the work for which he claimed a lien under Title 33, § 37 et seq., Code 1940, the church had executed a mortgage to the First National Bank of Birmingham, hereafter sometimes referred to as the bank, covering the church building and property.

The bill prayed: (1) For a judgment in favor of Spence against the church in the amount of $12,591.08; (2) for an order

or decree declaring, fixing and establishing a lien in the amount of $12,591.08 on the church building and property; (3) for an order or decree that the lien of Spence is paramount and superior to the mortgage held by the bank.

On March 23, 1959, the church appeared specially for the purpose of filing a "Motion to Dismiss and in the Alternative Motion to Quash Service."

On April 10, 1959, the motions filed by the church on March 23, 1959, were overruled. The church was given twenty days within which to plead further.

On April 23, 1959, the church filed a demurrer and a demand for a trial by jury.

Thereafter, on June 12, 1959, Spence moved to strike the church's demand for trial by jury on substantially two grounds: (1) that the demand for trial by jury was not made within thirty days after the perfection of service on the church; and (2) that the church was not entitled to a trial by jury of the proceedings then pending in the equity court, even if request for a jury trial had been made timely.

On October 9, 1959, the respondent in this proceeding, Allen D. Rushton, as special judge, entered a decree which reads as follows:

"Decree Overruling Motion To Strike Jury Demand

"This Cause coming on to be heard this day upon complainant's motion to strike Jury Demand heretofore filed in said cause by respondent Wylam Presbyterian Church, a corporation.

"The Court having heard argument on said motion considers that Title 33, Section 49, Code 1940, gives to respondent the right to a trial by a jury even though the bill for establishment of a mechanic's or materialmen's lien is brought in the Equity Court. The Court is of the opinion that the primary aspect of this bill is for the estab-lishment of the lien and that the determination of priority of the liens involved is secondary or incidental to complainant's bill, at least as respects respondent Wylam Presbyterian Church and for this reason said respondent is entitled to trial by jury even though the bill contains a matter of independent equitable cognizance.

"The Court further concludes that the demand for a jury trial was timely made because it was made within the time prescribed for pleading after a general appearance was made. It is, therefore,

"Ordered, Adjudged and Decreed by the Court that complainant's motion to strike Jury Demand be, and it is hereby overruled and denied.

"Done and Ordered, this the 9th day of October, 1959.

"Copies to attorneys

"/s/ Allen D. Rushton
"Special Circuit Judge in Equity Sitting."

In Wilbourne v. Mann, 203 Ala. 26, 27, 81 So. 816, 817, decided by this court in 1919, it was said:

"The bill was to enforce a mechanic's lien on real properties subject to mortgage.

"The mortgagee, appearing (in equity) by demurrer and answer, demanded a trial by jury of the questions 'of fact involved,' which request was not granted by the court. *It was not a case where such demand may be made as a matter of right.* Code, 1907, § 3201; * * * Gen. Acts 1915, p. 939." (Emphasis supplied.)

The decree under review makes no reference to the Wilbourne case. The existence of that case might not have been called to the trial judge's attention or he might have considered it incorrect. That case could not be distinguished on the ground that it involved a matter of priority of

liens of which an equity court had original jurisdiction because the same situation exists in the present case.

Counsel for the respondent judge in brief filed here says of the Wilbourne decision as follows:

"Wilbourne v. Mann, supra, held simply that the respondent was not entitled to a trial by jury under § 3201, Code of Alabama, 1923 (now Title 7, § 322, Code of Alabama, 1940), and makes no mention whatsoever of the Alabama statutes relating to Mechanics' and Materialmen's Liens."

Counsel inadvertently observed that § 3201 of the Code of 1923 was cited in the Wilbourne case. The citation was to § 3201 of the Code of 1907.

We cannot agree that the Wilbourne case "held simply that the respondent was not entitled to a trial by jury under § 3201" of the 1907 Code. That section is cited, but the positive statement is made in the opinion that "it was not a case where such demand may be made as a matter of right."

We are not advised as to why no reference was made to the statutes relating to mechanic's liens in the opinion in the Wilbourne case. Perhaps it was due to the fact that the author of the opinion felt it unnecessary to cite those sections, entertaining the view that they contained no language giving a jury trial as a matter of right.

We are of the opinion that the part of the holding in the Wilbourne case, supra, which we have italicized is correct.

In Lucas et al. v. Scott, 247 Ala. 183, 184, 24 So.2d 540, 541, we stated the rule in regard to jury trials in equity as follows:

"In equity, a party is not entitled, as of right, to a jury to decide the issues of fact unless it is so provided by statute or constitution. In the absence of such a provision the power and duty to determine finally all questions of fact and law devolve upon the court.

Curb v. Grantham, 212 Ala. 395, 102 So. 619; 30 C.J.S., Equity, p. 892, § 495.

"Under such a status the court may submit an issue of fact to the jury for decision, but the verdict is advisory merely and for the purpose of 'enlightening the conscience of the chancellor,' which he, in his discretion, may reject. Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., et al., 199 Ala. 391, 403, 74 So. 441, 446; Hill v. Lindsey, 223 Ala. 550, 137 So. 395; Tuscaloosa v. Shamblin, 233 Ala. 6, 169 So. 234; Wilbourne v. Mann, 203 Ala. 26, 81 So. 816; 53 Am.Jur. 781, § 1124; 19 Am.Jur. 272, § 398, 277, § 404."

No constitutional question was raised in the court below and none has been pressed upon us on this appeal. Hence, no such question is here considered.

■ In our opinion, no statute which has been brought to our attention provides for a jury trial as a matter of right in a mechanic's lien suit brought in an equity court.

Section 49, Title 33, Code 1940, upon which the trial court based its ruling, reads as follows:

"Such actions, when brought in the circuit court or court of like jurisdiction, shall be commenced by summons and complaint, and when before justice of the peace, by summons. The complaint, or, when brought before justice of the peace, the statement indorsed on the summons, shall contain a description of the property on which the lien is claimed, and shall allege the facts necessary to entitle the plaintiff to the lien and the enforcement thereof; *in all other respects, the pleadings, practice, and proceedings shall be the same as in ordinary civil actions at law.*" (Emphasis supplied.)

Although this section makes no reference to trials in equity or jury trials on

either side of the court, we understand the respondent judge to construe the part of the section which we have italicized above as superimposing upon mechanic's lien suits in equity, as authorized by § 48, Title 33, all of the rules of pleading, the rules of practice and the rules of procedure applicable to the trial of such cases in courts of law, including the right to demand a jury trial under § 260, Title 7, Code 1940.

We have held that § 49, Title 33, does apply to suits in equity to the extent that the bill must "contain a description of the property on which the lien is claimed," and must "allege the facts necessary to entitle the plaintiff to the lien and the enforcement thereof." Bennett Realty Co. v. Isbell, 219 Ala. 318, 122 So. 337.

But we have never applied the part of § 49, Title 33, upon which the respondent judge relies in the manner insisted upon in brief filed on his behalf. To do so would be to completely destroy the distinction between law and equity in mechanic's lien suits and convict the Legislature of doing a useless thing. Those distinctions have been consistently maintained. For example, our books are full of cases where appeals have been entertained from decrees overruling and sustaining demurrers to bills in equity seeking to enforce mechanic's liens. If the rules of practice and procedure on the law side control, no such appeals could have been taken from such interlocutory decrees.

The rules of pleading in courts of equity have been universally applied in mechanic's lien suits brought on the equity side, not the rules pertaining to the trial of cases at law.

We will not undertake to give a detailed account of the history of our mechanic's lien law. Suffice it to say that a careful study of the history of such legislation convinces us that the Legislature by simply conferring on courts of equity the authority to handle mechanic's lien suits did not intend that the rules of pleading, practice

and procedure in the law courts should prevail on the equity side. See Chandler v. Hanna, 73 Ala. 390, where this court pointed out that a mechanic's lien is derived from and wholly dependent upon the statute, which creates a right unknown to courts of law or of equity; that when a right is solely and exclusively of legislative creation, when it does not derive existence from the common law or from the principles prevailing in courts of equity, jurisdiction of it may be limited to particular tribunals, and specific, peculiar remedies provided for its enforcement; that under the mechanic's lien law, upon which our present law is based (Act 51, approved March 6, 1876, Acts of Alabama 1875–76, p. 165, first codified as Chapter 6, Title 2, Part Third of the Code of 1876), a court of equity could not assume jurisdiction for the enforcement of a mechanic's lien in the absence of a special cause for equitable interposition. Cf. Mathis v. Holman, 204 Ala. 373, 85 So. 710, where we pointed out that the rule in the Chandler case, supra, had been changed as a result of the provisions of Act 570, approved February 18, 1895, Acts of Alabama 1894–95, pp. 1238, 1240; § 4829, Code of 1907.

We find no support in the provisions codified as § 52, Title 33, Code 1940, for the position taken by the trial judge.

If the Legislature sees fit to provide for a jury trial in mechanic's lien cases instituted on the equity side of the court, it no doubt may so provide, but we do not believe that it has so provided as of this writing.

■ But if we were in agreement with the respondent judge to the effect that a jury trial may be demanded as a matter of right in mechanic's lien suits brought on the equity side of the court because § 49, Title 33, provides in effect that the rules of pleading, practice and procedure applicable in the trial of such suits at law govern equity trials of such suits, it would logically follow that the demand for such a trial must be made in the manner in which a jury trial must be demanded on the law

side. § 260, Title 7, Code 1940, which section we have held does not ordinarily apply in equity. Isbell v. Perry, 263 Ala. 292, 82 So.2d 633.

Section 260, Title 7, provides in effect that the defendant in a suit at law must make a demand in writing for a jury trial within thirty days after the perfection of service on him.

Here the complainant made no demand for jury trial and the church did not make its demand until after the expiration of thirty days from the date on which service was perfected on it.

The church insists that it was not incumbent upon it to make the demand within thirty days from the date service was perfected upon it because of the fact that such a demand would have been a general appearance which would have affected its right to specially appear and move to quash service.

We do not agree.

In Grand International Brotherhood of Locomotive Engineers v. Green, 206 Ala. 196, 89 So. 435, the defendant appeared specially for the purpose of moving to quash service of process and also demanded a trial by jury.

The plaintiff took the position that since a general appearance obviates the necessity of service the defendant submitted itself to the jurisdiction of the court by making demand for a jury trial.

After quoting the provisions of Act 820, approved September 28, 1915, General Acts 1915, p. 939, the pertinent provisions of which act are now substantially incorporated in § 260, Title 7, Code 1940, Mr. Justice Sayre, writing for the court, observed as follows:

> "In view of this provision of the statute we doubt that the demand for a jury trial in circumstances such as we are here shown should be held to operate as a waiver of a defective service in any case, * * *." (206 Ala. 198, 89 So. 436)

To like effect is the case of Lucas v. Belcher, 20 Ala.App. 507, 103 So. 909, where it was held that the fact that the defendant filed a motion to quash service did not excuse him from having omitted seasonably to file his demand for a jury trial.

The case of Hall v. Pearce, 209 Ala. 397, 96 So. 608, relied upon by the respondent judge, does not hold to the contrary.

From what we have said, it follows that a writ of mandamus is due to be awarded unless the respondent judge, after being advised of this opinion, enters an order setting aside his order or decree overruling Spence's motion to strike the church's demand for a jury trial and enters an order granting that motion.

Writ awarded conditionally.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.