**Department of Public Works and Buildings of the State of Illinois, For and On Behalf of the People of the State of Illinois, Petitioner-Appellant, v. Eugene F. Melling, et al., Defendants-Appellees.**

Gen. No. 64–89.

Fifth District.

December 23, 1966.

William G. Clark, Attorney General of the State of Illinois, of Chicago (Harold G. Andrews, Richard E. Quinn, and Horace L. Calvo, Special Assistant Attorneys General, of counsel), for appellant.

O'Neill and O'Neill, of Alton (John T. Roach, of counsel), for appellees.

EBERSPACHER, J.

This is an appeal from a decision of the County (now circuit) Court of Madison County, sitting without a jury, in a condemnation proceeding in which judgment in the sum of $25,469 was entered against petitioner and in favor of defendants. It is appellant's contention that the court erred in denying petitioner's motion for trial by jury.

The record shows that on October 8, 1956, the Department of Public Works and Buildings of the State of Illinois filed a petition for condemnation in the County Court of Madison County, Illinois, seeking to obtain several parcels of land for the construction of a highway improvement, including property belonging to the defendants and leased to the Gallaway Outdoor Advertising Company.

■ On August 7, 1958, petitioner filed a motion for immediate vesting of title to the property. This motion was heard August 18, 1958, the motion was allowed, finding the amount of preliminary compensation for defendants Melling at $2,750 less $250 awarded to lessee. The order vesting title was entered on September 30, 1958. On October 8, 1958, the defendants filed their answer. The record does not disclose that either petitioner or defendants made a formal demand for a jury trial.[1] However, the trial judge on his own motion set this cause for hearing before a jury on June 1, 1959. The case was called for trial and a jury was impaneled with no objections being raised by any of the parties to the proceeding. The jury found the value of the land taken to be $6,250, apportioning $5,600 to the defendants and $650 to the lessee, Gallaway Outdoor Advertising Company.

On June 19, 1959, defendants Melling filed a motion to set aside the verdict and for a new trial. The trial judge took the motion under advisement. In the interim, however, on October 5, 1959, the court accepted the verdict in favor of the lessee and the sum of $650 was paid out of the funds on deposit, to the Gallaway Outdoor Advertising Company. On January 8, 1962, the court conducted a hearing on the motion for new trial and granted a new trial. Defendant's post-trial motion made no objection to the mode of the trial, i. e., trial by jury, but complained generally that the verdict was inadequate and contrary to defendants' theory of the case. The record does not disclose, nor are we informed, as to the reason a new trial was granted.

---

[1] The State of Illinois did not have a right to trial by jury under the Illinois Constitution of 1870 or the Illinois Eminent Domain Act, Ill Rev Stats 1955, c 47, § 1, until that Act was amended in 1957. See Department of Public Works & Buildings v. Kirkendall, 415 Ill 214, pp 221–223, 112 NE2d 611, pp 614, 615.

On April 29, 1963, the trial judge, on his own motion, entered an order setting the case for hearing before the court without a jury on May 15, 1963. Thereafter, the case was continued from May 15, 1963, to June 10, 1963, to June 17, 1963, and on that day petitioner moved the court for leave to file its demand for trial by jury, instanter, filing in support thereof an affidavit executed by the former special assistant Attorney General, who had tried the original case. That affidavit recited, among other things, that this matter had previously been tried before a jury and that the new trial ordered by the court should also be a jury trial; that the ultimate issue to be determined was the amount of compensation to be paid to the defendants, and that such payment would be made from public funds, and that petitioner verily believed that justice would be best served if the compensation to be awarded defendants was determined by a jury; and that no hardship would be imposed upon the defendants, and no substantial rights of defendants would be prejudiced by trial by jury.

Upon denying the motion and objections of petitioner, the court proceeded to hear the case without a jury the same day, but recessed the case until June 20, 1963, from Monday to Thursday, at which time the hearing was concluded and the case taken under advisement. On August 20, 1963, the court ruled that the defendants should have and recover from the petitioner, as just compensation for the land sought to be condemned, the sum of $25,469.

Petitioners contend that since the cause had been previously tried before a jury that they had a right to assume that any subsequent trial would be before a jury and point out that the record does not disclose that any hardship would be imposed on the defendants or that their rights would be prejudiced by a jury trial. Defendants contend that there was no abuse of discretion in denying petitioner's request for a jury, since it was only made on the day of the trial, and that the denial of petitioner's motion for

a jury was tantamount to a finding that defendants' rights would be prejudiced.

██ ██ The rule is well settled in Illinois that a trial court should not deny the right to a jury trial when there is no showing of inconvenience to the court or to the parties litigant or prejudice to any rights in any manner whatsoever, and that trial by jury is a favored mode of trial.

We believe the case of Hartsock v. Bress, 40 Ill App2d 66, 189 NE2d 613, is parallel to the case at hand. It involved an appeal wherein a complaint under the Paternity Act was filed against appellant in the office of the Clerk of the County Court of Madison County on October 28, 1960. Thereafter, although the formal record did not disclose any prior jury demand by any of the parties, and after all parties appeared before the court and the matter continued to the next setting, the court ruled, as in this instant appeal, that the case be set before a jury. After having done so, and after the parties were advised that the case was set before a jury, and after the parties had relied upon the setting of the case before a jury, the court withdrew the jury and after continuing the case generally, denied the appellant's subsequent petitions for a jury trial and proceeded to try the case without a jury.

The court reversed the trial judge in Hartsock v. Bress (supra) and remanded the case with directions that the issue be tried by a jury, saying:

". . . Section 59 of the Practice Act provides that upon good cause shown, in the discretion of the court and on just terms, 'additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment'; and Supreme Court Rule 8 provides for a similar extension of time for the doing of any act required by the rules.

"Our Supreme Court, in Hudson v. Leverenz, 10 Ill 2d 87, 139 NE2d 255, which is its last expression which we have found on the subject, has said 'even

41

though a plaintiff does not file his jury demand "at the time suit is commenced" or a defendant "at the time of filing his appearance," this court has said that the right to have a jury is not necessarily foreclosed.' See page 92 of 10 Ill2d, page 257 of 139 NE 2d. The court then went on to say, in the Hudson case, that a statute regulating the right of jury trial 'should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right.'

"(1) We believe that the substance of the court's ruling in the Hudson case and in previous opinions indicates that a trial court should not deny the right to a jury trial when there is no showing of inconvenience to the court or the parties litigant or prejudice to any rights in any manner whatsoever. This understanding of the rule has been applied by the Appellate Court, Third District, in Dawson v. Maxwell, 13 Ill App2d 228, 141 NE2d 642.

"(2) In the instant case, there is nothing in the record which shows in any way that the granting of a jury trial would have inconvenienced the court or parties litigant or prejudiced any rights in any manner whatsoever.

"We further point out that in this case, where apparently the court on its own motion indicated that a jury trial would be held, and then, apparently withdrew the jury, we have a situation which is closely akin to that in which a plaintiff waives a jury after having demanded the same. In such case, as noted above, section 64 of the Practice Act requires that the defendant shall be granted a jury trial upon demand being made promptly *after being advised* of the waiver.

"In this case there is nothing in the record to indicate any notice to the defendant that the court was

42

going to proceed without a jury but even if there had been some notice, it appears, in our judgment, that the defendant did promptly request a jury within the spirit and meaning of Section 64."

Since the ruling in Hartsock v. Bress, (supra), the Appellate Court, First District, in the case of Cross v. Cross, 44 Ill App2d 187, 194 NE2d 487, joined the liberal attitude of the Appellate Courts towards allowance of jury trial demands, although not strictly filed in compliance with statutory requirements.

Defendants point out that in the Hartsock and Dawson cases, the persons seeking to file a jury demand took some affirmative measure to do so well in advance of a scheduled trial and did not wait until the day of the trial to do so. The record shows this case had laid dormant for approximately sixteen months until the case was placed on the nonjury docket on April 29, 1963. The record does not show when petitioner was advised of this action. It does show that the case was filed and tried originally by other counsel under another Attorney General. Naturally petitioner's new trial counsel presumed the petitioner's right to jury trial would be protected at the new hearing, and it took some time for counsel to search the record to ascertain the nonexistence of previous jury demands and to gather information necessary to prepare a motion for a jury trial and the supporting affadavit. At the most the delay was approximately 45 days, in a case that had been pending six and one-half years. For more than sixteen months neither party had made any effort to bring this cause to a timely conclusion.

There is nothing in the record to substantiate defendants' inference of inconvenience or hardship. They filed no pleading alleging inconvenience or prejudice, nor did the court make any finding in this regard in its order denying petitioner's request for a jury trial. It is ap-

parent from the chronology of the case, ascertainable from the record, that time was not of the essence either to the court or the defendants, particularly so, when after the first day, a Monday, the case was recessed until the following Thursday.

In the case before us, not only had the court set this case for hearing before a jury prior to trial, and not only did petitioner rely on this action as did appellant in Hartsock v. Bress, (supra), but here, the case actually proceeded to trial without objection, either before the jury was impaneled, during the course of the trial, or after the jury returned its verdict. Thereafter, petitioner normally assumed that his right to jury trial in a subsequent trial was fully protected. No action on the part of the petitioner or the defendants could possibly be construed as having waived trial by jury, once that trial had taken place. The only appropriate mode for the second trial following the granting of the new trial, was another trial by jury. There is nothing in this record tending to show that the granting of a jury trial would have inconvenienced the court or parties-litigant, or prejudiced any rights in any manner whatsoever. Quite the opposite, however, the record in this case shows that petitioner relied upon a jury trial, made an affirmative showing of facts justifying and requiring the mode of trial to be trial by jury and that the denial of a jury trial in the second trial in this cause was a detriment to the petitioner.

██ We conclude from the cited cases, that once a case has been tried before a jury, without objections to the mode of trial by any of the parties, and a motion for new trial is allowed, that the subsequent trial should also be by jury unless all parties interested therein have specifically waived a jury trial; and that no affirmative action is required of any party, to have the case retried before a jury, rather than before the court.

This cause is reversed and remanded for further proceedings not inconsistent with this opinion.

GOLDENHERSH and MORAN, JJ., concur.