319 So.2d 665

In re Vernon CUMENS

v.

William E. GARRETT and wife,
Ruth Garrett.

Ex parte William E. GARRETT and wife,
Ruth Garrett.

SC 1198.

Supreme Court of Alabama.

Sept. 25, 1975.

James & Lowe, Haleyville, for petition-
er.

**536**

Carlton Mayhall, Jr., pro se.

HEFLIN, Chief Justice.

. This case is before the court on petition by William and Ruth Garrett seeking a writ of mandamus to be issued to the Honorable Carlton Mayhall, Jr., Judge, Circuit Court of Winston County. The petition asserts that Judge Mayhall committed · error by striking the Garretts' demand for

jury trial in the action below. This court agrees.

Vernon Cumens instituted a mechanic's lien enforcement suit under the authority of Title 33, Section 37, Alabama Code of 1940, as amended (Recompiled 1958) et seq. The Garretts demanded a jury trial. Cumens moved to strike the demand and, upon a finding that there was no right to a jury trial in a mechanic's lien action, Judge Mayhall granted the motion. The suit was filed after the Alabama Rules of Civil Procedure became effective. Thus the question before this court is whether parties to a mechanic's lien suit are entitled to a jury trial as of right under the Alabama Rules of Civil Procedure, which have merged law and equity into one form of action.

Rule 38(a) of the A.R.C.P. reads: "The right of trial by jury as declared by the Constitution of Alabama or as given by a statute of this State shall be preserved to the parties inviolate." This rule was included to insure that the right of trial by jury in civil actions would not be compromised by the merger of law and equity established by the new rules of civil procedure. The test for determining when one has a right to trial by jury is set out in the committee comments to Rule 38 as follows: "if an issue is of a sort which heretofore would have been tried to a jury, then the party has a constitutional right * * * to have it tried to a jury under the merged procedure."

■ The action to enforce a lien for work and labor done and materials furnished in the erection of a building is derived from, and wholly dependent upon, statute. *First Colored Cumberland Presbyterian Church v. W. D. Wood Lumber Co.,* 205 Ala. 442, 88 So. 433 (1921). The mechanic's lien statute created "a new right unknown to courts of law or of equity." *Chandler v. Hanna,* 73 Ala. 390, 391 (1882). The pertinent jurisdictional provision of the mechanic's lien statute appears

at Title 33, Section 48, Code of Alabama, 1940 (Recompiled 1958) and is as follows:

"When the amount involved exceeds fifty dollars, actions for the enforcement of liens under this article may be brought in the circuit court or court having like jurisdiction, of the county in which the property is situated, and where resort is had to chancery proceedings in circuit court, no special ground of equitable jurisdiction need be alleged or proved. \* \* \*"

This provision has been interpreted to give a lien claimant "a concurrent remedy in equity." *Floyd v. Rambo,* 250 Ala. 101, 104, 33 So.2d 360 (1948); *Woodall v. Southern Mfg. Co.,* 223 Ala. 262, 135 So. 446 (1931); *Mathis v. Holman,* 204 Ala. 373, 85 So. 710 (1920). Other statutes pertinent to the decision in this case are sections 49 and 52 of Title 33. Section 49 reads:

"Such actions, when brought in the circuit court or court of like jurisdiction, shall be commenced by summons and complaint, and when before justice of the peace, by summons. The complaint, or, when brought before justice of the peace, the statement indorsed on the summons, shall contain a description of the property on which the lien is claimed, and shall allege the facts necessary to entitle the plaintiff to the lien and the enforcement thereof; *in all other respects, the pleadings, practice, and proceedings shall be the same as in ordinary civil* actions at law." (emphasis added).

Section 52 provides:

"Any defendant, by appropriate plea, may put in issue the fact of indebtedness, or the existence of the lien, or both, and may interpose any other defense applicable to the suit; and if the court by its finding, *or the jury by their verdict,* as the case may be, ascertain that the plaintiff has a lien as claimed, judgment shall be rendered for the amount secured thereby, interest and costs, against the party liable for the same, and establishing the lien, and condemning the property to sale for the satisfaction thereof; but if the finding or verdict is for the plaintiff only on the issue of indebtedness, a judgment shall be rendered in his favor for the amount thereof as in other cases." (emphasis added).

The case of *Ex parte Spence,* 271 Ala. 151, 122 So.2d 594 (1960), which was decided prior to adoption of the Alabama Rules of Civil Procedure, is the most recent case to address the issue of right of trial by jury in a mechanic's lien suit. In *Spence,* a writ of mandamus was sought to compel the trial judge to set aside an order overruling petitioner's motion to strike a jury demand in a mechanic's lien suit brought in equity. Thus, in *Spence,* the trial court was going to allow a trial by jury in a mechanic's lien suit begun in equity. This court granted the writ, ordering the trial judge to strike the jury demand. In its analysis of the issue of jury trial this court quoted from the case of *Lucas v. Scott,* 247 Ala. 183, 184, 24 So.2d 540, 541 (1945):

"In equity, a party is not entitled, as of right, to a jury to decide the issues of fact unless it is so provided by statute or constitution. In the absence of such a provision of the power and duty to determine finally all questions of fact and law devolve upon the court. *Curb v. Grantham,* 212 Ala. 395, 102 So. 619; 30 C.J.S., Equity, p. 892, § 495.

"Under such a status the court may submit an issue of fact to the jury for decision, but the verdict is advisory merely and for the purpose of 'enlightening the conscience of the chancellor,' which he, in his discretion, may reject. *Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co. et al.,* 199 Ala. 391, 403, 74 So. 441, 446; *Hill v. Lindsey,* 223 Ala. 550, 137 So. 395; *Tusca-*

loosa v. Shamblin, 233 Ala. 6, 169 So. 234; Wilbourne v. Mann, 203 Ala. 26, 81 So. 816; 53 Am.Jur. 781, § 1124; 19 Am.Jur. 272, § 398, 277, § 404."

The court then stated:

"In our opinion, no statute which has been brought to our attention provides for a jury trial as a matter of right in a mechanic's lien suit brought in an equity court."

Both sections 49 and 52 of Title 33 were discussed and it was determined that neither mandated a jury trial as of right. In discussing section 49, the court stated:

"We will not undertake to give a detailed account of the history of our mechanic's lien law. Suffice it to say that a careful study of the history of such legislation convinces us that the Legislature by simply conferring on courts of equity the authority to handle mechanic's lien suits did not intend that the rules of pleading, practice and procedure in the law courts should prevail on the equity side."

Section 52 was dismissed with the statement, "We find no support in the provisions codified as § 52, Title 33, Code 1940, for the position taken by the trial judge." The court then went on to note that even if there was a right to a jury trial, as determined by the trial judge, the respondent below had failed to make a timely request for jury trial, and, thus, the trial judge should not have granted his request.

The case of Wilbourne v. Mann, 203 Ala. 26, 81 So. 816 (1919), was cited in Spence as support for the court's decision. In the Mann decision, the following was stated:

"The bill was to enforce a mechanic's lien on real properties subject to mortgage.

"The mortgagee, appearing (in equity) by demurrer and answer, demanded a trial by jury of the questions 'of fact involved,' which request was not granted by the court. It was not a case where such demand may be made as a matter of right. Code, 1907, § 3201; * * * Gen.Acts 1915, p. 939." (emphasis added).

Thus this court is on record as holding that if a mechanic's lien suit is brought in equity a party is not entitled to a jury trial as a matter of right and that Sections 49 and 52 are not controlling.

On the other hand, if the suit is brought at law, a different result prevails for this court has held that the jury provision of the mechanic's lien statutes are controlling and the right to a trial by jury is available.

The case of Foster v. Prince, 224 Ala. 523, 141 So. 248 (1932), involved a law side action to enforce a materialman's lien where a jury verdict was rendered, assessing damages only. Several months later, plaintiff filed a motion to amend the judgment to declare that a lien existed. The court, without a jury, declared a lien and condemned the property to be sold in satisfaction of the earlier damage verdict. This court found the trial court's action to be in error. It stated:

"[1] To enforce a materialman's lien, the complaint must allege the facts which entitle plaintiff to a lien and the enforcement thereof. These facts include the existence of the debt and of the special facts giving a materialman's lien on the property as security for the debt, facts showing a lien has attached, and has been preserved by the statement required by law to be filed in the office of the judge of probate.

"[2] When put in issue, the burden is on plaintiff to prove all the facts essential to the existence and enforcement of his lien. Sanitary Plumbing Co. v. Simpson, 200 Ala. 590, 76 So. 948.

"By statute, the defendant, by appropriate plea, may put in issue the existence of the debt, or the existence of the lien, or both. Code, § 8848.

"[3] The general issue traverses all the material averments of the complaint, and casts on plaintiff the burden of proof as to the existence of the debt and also of the lien.

"[4] *When, as here, a jury is demanded, all these issues are for the jury.* If, under the evidence, the jury found the issue of indebtedness for the plaintiff, but failed to find the existence of a lien, the statute declares a judgment should go for the amount thereof.

"Such was the verdict here.

"[5, 6] If the verdict does not respond to all the issues, as per instructions, the court should decline to receive the verdict and have the jury return a verdict covering the issues presented.

"It is error for the court then, or at any other time, to proceed to determine the issues upon the evidence, and render a judgment accordingly. From our earliest judicial history, such course has been held an invasion of the province of the jury." (citations omitted) (emphasis added).

In *Hurst v. Rudder Adams-Mill Co.,* 164 Ala. 504, 51 So. 519 (1909), this court stated:

"Action by appellee against appellants to enforce lien for materials furnished in construction of a building. The appeal is on the record alone. The judgment is valid on its face. It shows that the parties were before the court at the time the judgment was rendered. The argument of counsel for appellant seems to be that error infected the proceeding because of the asserted failure to take a jury's verdict on the question, whether there was a debt due the plaintiff for materials furnished, and, if so, how much, and whether the plaintiff had a lien therefor.

"Section 4770 [Title 33, Section 52, Code, 1940] of the Code contemplates a trial of these issues by the court without a jury, or by a jury. The record (there is no bill) does not negative a waiver of a submission of the issues to the jury. To sustain the judgment we will presume, if necessary, that the right to a jury trial was waived. * * *"

At the time that the Alabama Rules of Civil Procedure became effective (July 3, 1973) there were two lines of cases dealing with the right of trial by jury in mechanic's lien enforcement actions. If the action was filed in equity, the right to a trial by jury did not prevail but if the case was filed on the law side the litigants had the right to demand a jury trial.

The merger of law and equity under the Alabama Rules of Civil Procedure presents an unusual problem in regard to whether or not a right of trial by jury shall be available as a matter of right to the parties. This issue can not be determined by the test outlined in the Committee Comments to Rule 38(a) heretofore mentioned because such comments do not address the issue of the right to a jury trial where it was available on the law side but not in equity prior to merger. Thus, this court must decide whether there is a present right to a jury trial by looking to other factors.

It has been held by several courts that trial by jury is a favored mode of trial. See *Department of Public Works & Buildings v. Melling,* 78 Ill.App.2d 37, 222 N.E. 2d 515 (1966); *Royer v. Royal Globe Insurance Co.,* 262 La. 685, 264 So.2d 607 (1972); *Watkins v. Siler Logging Co.,* 9 Wash.2d 703, 116 P.2d 315 (1941); *Doughty v. Nebel Towing Co.,* 270 F.Supp. 957, 960–62 (E.D.La.1967). Also, in cases where the right is not clear, it has been held that "the right to a jury trial is always preserved." *Bain v. Wallace,* 167 Wash. 583, 10 P.2d 226 (1932); see *Watson v. Hartford Accident & Indemnity Co.,* 214 So.2d 395 (Ct. of App., La.1968). In construing Rule 38 of the Federal Rules of Civil Procedure, the United States Supreme Court has shown a decided preference for finding in favor of right to jury

**540**

trial where the issue is in doubt. See *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed. 2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L. Ed.2d 988 (1959).

 In looking to the mechanic's lien statutes before us, it is clear that the legislature concluded that issues involved in such cases were not beyond the pale of jury determination. Further, it is clear that a jury was available on demand prior to the adoption of Alabama Rules of Civil Procedure in some circumstances. These factors, plus an abiding faith that litigants should have a right of trial by jury in the absence of compelling constitutional or legal reasons to the contrary, motivates this court to hold that the parties to a mechanic's lien enforcement action have the right to demand a jury trial under the Alabama Rules of Civil Procedure.

By the use of special verdicts provided for by Rule 49(b), Alabama Rules of Civil Procedure, problems which heretofore existed with jury determinations of issues in mechanic's lien enforcement action can be minimized.

From this conclusion it follows that a writ of mandamus is due to be awarded unless the respondent judge, after being advised of this opinion, enters an order setting aside his order granting Cumens' motion to strike the Garretts' demand for a jury trial and enters an order overruling that motion.

 The petitioners sought this writ on one other ground which should be commented upon. They seek to have this court order the respondent judge to grant their motion to transfer this case to the "law docket." Under the Rules and the merger of law and equity, there should be no law docket in the circuit court. We understand petitioners to be seeking by this motion to have their case placed on a jury docket and tried to a jury. Because our

decision herein gives petitioners the relief they were seeking, it is not necessary to address the request for transfer.

Writ awarded conditionally.

MERRILL, MADDOX, JONES and SHORES, JJ., concur.