SHORES, Justice.
This case is before this Court on the petition of Marie Collins seeking a writ of mandamus requiring the trial court to vacate its order striking Collins’s demand for jury trial in the proceedings below. We deny the relief sought.
*953 Ralph E. Slate, a practicing attorney in Morgan County, instituted an attorney’s lien enforcement suit under the authority of § 34-3-61, Code of Alabama 1975. Collins made a demand for a jury trial, which Slate moved to strike. The trial judge granted the motion, finding that there was no right to a jury trial in a suit to enforce an attorney’s lien.
The only issue presented is whether the petitioner is entitled to a jury trial as a matter of right after the adoption of the Alabama Rules of Civil Procedure, by which law and equity were merged into one form of action.
Rule 38(a), ARCP, preserves the right to a trial by jury in cases which would have been tried to a jury, if demanded, under prior procedure. This is the one procedural difference which remains under the Rule. Thus, the case turns upon whether an action to enforce an attorney’s lien was one which was triable to a jury as a matter of right before the adoption of the Rules. The petitioner conceded before the trial court that prior to the adoption of the Rules of Civil Procedure, attorney’s fee lien suits were deemed to be equitable in nature, and a jury trial was not allowable as a matter of right. In Peach v. Drennen, 253 Ala. 271, 44 So.2d 257 (1950), this Court held that § 1, Title 33, Code of 1940 [now § 35-11-1, Code of 1975], applied to attorney’s liens. Section 1, Title 33, provides that “[a]ny lien may be enforced in the manner provided by statute, if so provided, or in equity....”
Section 34-3-61, Code, provides for attorney’s liens in limited cases. This statute does not, however, provide for a method of enforcement. Thus, under § 35-11-1, the only method of enforcement of attorney’s liens prior to the adoption of the ARCP was by a bill in equity.
The petitioner, although not arguing that such cases were triable to juries prior to the adoption of ARCP, contends that this Court has established different criteria for determining whether an issue is triable to a jury after the adoption of the Rules. Rule 38(a) provides: “The right of trial by jury as declared by the Constitution of Alabama or as given by a statute of this State shall be preserved to the parties inviolate.” The Committee Comments note:
Subdivision (a) is identical with Constitution 1901, § 11, and thus preserves the right to jury trial precisely as it has been known heretofore in Alabama.... Because law and equity are now to be merged, there will be cases in which issues to be tried to the jury are combined with issues to be tried to the court. But the basic test is clear: if an issue is of a sort which heretofore would have been tried to a jury, then the party has a constitutional right, expressly reaffirmed by Rule 38(a), to have it tried to a jury under the merged procedure.
Thus, the adoption of the ARCP in no way restricted the right of trial by jury and, if there is any doubt about whether a particular issue is of a sort theretofore tria-ble to a jury, the question should be resolved in favor of a jury trial. Where actions were heretofore triable, both jury and non-jury, a jury trial is now available under the Rules. In Cumens v. Garrett, 294 Ala. 535, 319 So.2d 665 (1975), the Court held that trial by jury is the favored mode of trial and where the right of jury trial is not clear, a trial by jury will be allowed. The Court in that case said:
In construing Rule 38 of the Federal Rules of Civil Procedure, the United States Supreme Court has shown a decided preference for finding in favor of right to jury trial where the issue is in doubt.
... [A]n abiding faith that litigants should have a right of trial by jury in the absence of compelling constitutional or legal reasons to the contrary, motivates this court to hold that the parties to a mechanic’s lien enforcement action have the right to demand a jury trial under the Alabama Rules of civil Procedure.
294 Ala. at 539-540, 319 So.2d 665.
A jury trial in a mechanic’s lien action was available, however, before the adoption of the ARCP, if the action was brought on the law side. Such is not the case in actions to enforce an attorney’s lien. Those actions *954 could be brought only on the equity side where a jury trial was not a matter of right.
The Constitution and the Rules of Civil Procedure preserve to all litigants the right of trial by jury as it existed under prior procedure, and the Rules cannot be construed to restrict such right. However, they should not be construed to permit a jury trial on issues which were never triable by jury before the adoption of the Rules, unless such issues are merged with issues which were.
In Mobley v. Mobley, 350 So.2d 414 (Ala. 1977), the Court held:
The merger of law and equity under the Alabama Rules of Civil Procedure, and in other merged systems, has supplanted the procedural distinction existing between law and equity with the distinction between jury and non-jury cases.... Under the merged system, it is contemplated that a suit will embrace both jury issues and non-jury issues without affecting the parties’ right to a jury trial.
... The right to a trial by jury is strongly engrained in our legal heritage and is protected by Section 11 of Article I, of the Constitution of Alabama 1901. In addition, it is the intention of Rule 38(a), ARCP, that nothing in the Alabama Rules of Civil Procedure abridges this fundamental right as declared by our Constitution and by statute.
350 So.2d at 416-17.
We adhere to the views heretofore expressed in these cases. However, we can find no authority for a jury trial in an action to enforce an attorney’s lien which existed before the adoption of the ARCP. Although the Rules should be construed to allow trial by jury in cases where doubt exists, they should not be construed to extend jury trials to issues which have historically been non-jury issues. Such is the case before us.
The petition for writ of mandamus is denied.
WRIT DENIED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.