In his application for rehearing, Twilley asked this Court to order the trial court to reinstate the jury's verdict of $26,000.00 instead of remanding for a new trial. He points out that neither he nor Daubert ever requested a new trial in the court below. However, in view of the state of this record, as we pointed out on original deliverance, and the fact that the jury's verdict, in view of their answer to the special interrogatories, is tainted, we believe that justice demands that a new trial be ordered. See Gordon v. Halstead, 283 Ala. 578, 219 So.2d 629 (1969); Ala. Code 1975, § 12-22-70; Rule 1, A.R.A.P.
Daubert also states that we did not address its contention that Twilley is not entitled to a jury trial on remand. We did not. We now address it. This Court has said:
 "The test for determining when one has a right to a trial by jury is set out in the committee comments to Rule 38 [Ala.R.Civ.P.] as follows: 'if an issue is of a sort which heretofore would have been tried to a jury, then the party has a constitutional right . . . to have it tried to a jury under the merged procedure.' "
Cumens v. Garrett, 294 Ala. 535, 536, 319 So.2d 665 (1975).
Twilley's cause of action under the wrongful termination statute is a tort action. See Caraway v. Franklin Ferguson Mfg.Co., 507 So.2d 925 (Ala. 1987). Thus, an action for wrongful termination is "of a sort" that has traditionally been tried to a jury, even though it may have arisen out of a workman's compensation factual setting.
OPINION EXTENDED. APPLICATIONS OVERRULED. *Page 1371 
JONES, ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.