*DAVIS' HEIRS* vs. *PREVOST.*

APPEAL from the court of the fifth district.

MARTIN, J. delivered the opinion of the court

This case came to this court several years ago; the pleadings are stated in 12 Martin; and after several arguments, on a suggestion that further evidence was in the power of the parties, the case was remanded, with their consent, for another trial. There has been a verdict and judgment for the defendants, and the plaintiffs have appealed. Vol. 1, 697.

The counsel for the appellants has called our attention to several bills of exceptions.

1.—When the cause was called for trial in the district court, the counsel for the defendants presented to the court a petition, in which they prayed for a jury; the application was refused on the ground that it was too late, and the jury ought to have been prayed for in the answer. The court, however, directed the cause to be tried by a jury; and the plaintiff took a bill of exceptions.

A defendant may, in proper time, pray for a jury, on an amended answer, but it is always in the discretion of the court to grant leave to file

*A defendant may pray for a jury, in an amended answer; but it is in the discretion of the court to permit it to be filed.*

*When his real object is to have his case tried by a jury, he should be indulged, if delay is not thereby created.*

*The court is to judge of the admissibility of the evidence, and cannot discharge itself from this obligation by transferring it to the jury.*

Western Dis.
Sep. 1827.

Davis'
Heirs
vs.
Prevost.

it; it will be denied if the trial be thereby un-necessarily delayed. In the present case, the judge has certified that a jury was in attend-ance when the petition was presented. When a party's real object is to have his cause tried by jury, he ought to be indulged, when his ap-plication causes no delay. Indeed, the court may itself direct one, *ex officio.* It does not appear to us that the court erred.

2.—The plaintiffs objected to the introduc-tion of the testimony of Louis Vellieon and others, for any other purpose than to prove pos-session in the defendants, because, as they had admitted they had a written title, they could not be allowed to prove a verbal one; neither could they be allowed to prove an assessment for a payment of taxes by parol. The objections were overruled, and the plaintiffs took a bill of exceptions.

The judge states that he considered the parol testimony good to prove, 1st. the existence and loss of a title; 2d. possession; 3d. any circum-stance from which a title may be presumed, such as acts of ownership, payment of taxes, general reputation of title, &c. 4th, prescrip-tion.

We think the court erred. The evidence

Western Dis.
*Sept.* 1827.

DAVIS'
HEIRS
*vs.*
PREVOST.

was admitted *absolutely;* now the court is to judge of the *admissibility* of testimony, and cannot discharge itself from this obligation by transferring it to the jury; and must be satisfied that the best evidence cannot be had, before it admits inferior.

3.—The plaintiff claims immediately under deeds from the heirs of Delahoussaye, to whom the premises were transferred by the heirs of the original grantees, whose deed recites that they convey in consequence of an exchange heretofore made by their ancestors, with Delahoussay. The defendants offered in evidence, an affidavit of Delahoussay, filed before the land commissioners of the U. S., in which he declares that the premises belong to the ancestors of the defendants' warrantees. The introduction of the affidavit was opposed by the plaintiffs' counsel; the objection overruled, and a bill of exceptions taken.

The heirs of Delahoussaye derived their title immediately from the heirs of the grantees; and the deed by which they acquired it is alleged to be fraudulent and void, inasmuch as the fact alleged as the inducement to the transfer does not exist; that the recital is false. Strangers to a deed may attack it when they

Western Dis.
Sept, 1827.

DAVIS'
HEIRS
vs.
PREVOST.

shew covin and collusion for the purpose of defrauding them, between the parties. If the defendants claim under the original grantees, or their heirs, by a conveyance anterior to that under which the plaintiffs claim, the deed they attack is not in their way, and the destruction of it will not better their title. If the heirs of the original grantees have been deceived, and their conveyance obtained by fraud, they may be relieved, but while they are silent, a stranger to the deed can only attack it on the allegation of collusion.

We are of opinion the court erred.

4.—The affidavit of Delahoussaye being rejected, it is useless to enquire whether the court did err in refusing parol evidence to be introduced to disprove the facts alleged in a deed of exchange between the ancestors of the original grantees and Delahoussaye.

5.—As the opinion we have expressed on the introduction of evidence makes it our duty to disregard the verdict, it is useless to examine the bill of exceptions taken to the charge to the jury.

The district court having admitted illegal evidence, it follows that the judgment must be reversed, and the verdict set aside. In such

circumstances, our uniform practice is, to re-
mand the case to be acted on by a new jury;
but the parties have pressed us to proceed to
the examination of the evidence; and, disre-
garding the testimony illegally received, deter-
mine the case on its merits, and act upon it as
if no jury had been prayed.

It would have been more agreeable to us to
have remanded the case, and we had believed
that the variety of facts to be examined, some
contrariety in the testimony, rendered this case
more proper for the decision of the facts on
which it rests, by a jury than by us; but the case
has, for a great number of years been before
us, and both parties are anxiously desirous of
immediate decision.

We have, therefore, carefully examined the
evidence, and it does appear to us that what
has been added to it since the case was remand-
ed, does not materially alter it. Indeed, the
evidence varies very little from that in the case
of Prevost's heirs vs. Johnson, 9 *Martin,* 123.

We conclude then, the plaintiffs have fully
established their title to the premises, and that
the defendants have failed to prove any in them-
selves, or to establish such possession in them-
selves, and those under whom they claim, as
will avail them under the plea of prescription.

Western Dis.    It is, therefore, ordered, adjudged, and de-
Sept. 1827.
          creed, that the judgment of the district court be
DAVIS'    annulled, avoided, and reversed; that judgment
HEIRS
vs.       be entered for the plaintiffs against the defend-
PREVOST.  ants; and for the latter against the party called
in warranty; and the case be remanded to the
district court, for the assessment of damages for
the present defendant, and that the plaintiffs re-
cover their costs in both courts.

*Brownson* for the plaintiffs, *Baker* for the
defendants.