ALEXANDER BURKE *v.* BLOUNT B. BREAZEALE and MICHAEL BOYCE.

The court may, *ex officio,* order a trial by jury, whenever, in its opinion, the case requires it.

An agent entitled to a commission for his services, is not disqualified as a witness for his employer. So an attorney at law, though entitled to a commission on the amount recovered, will be a competent witness for the plaintiff.

An allegation by defendant, on a motion for a new trial, that a witness testified to admissions made by him in an unsuccessful attempt to compromise, will be disregarded, unless accompanied with an affidavit that he was ignorant of the circumstance at the time of the trial.

APPEAL from the District Court for Natchitoches, *Campbell,* J. *Taylor* and *Dunn,* for the plaintiff.

*Boyce,* appellant, *pro se.*

MARTIN, J. The plaintiff claims $2949, which he alleges is due to him by the defendants, Breazeale and Boyce, at whose request he dug a ditch of 983 rods in length, which at three dollars per rod amounts to the sum claimed. He admits he has been paid $525 by Breazeale, $280 by Boyce, and $200 by Bordelon, whose property was also benefited.

The defendants severed in their answers. Boyce admitted the contract alleged in the petition, but averred that the ditches were not

cut of the depth or width mentioned in the contract, but are so shallow and narrow, that they have failed to answer the intended object or purpose. He claims the further sum of $235, which the plaintiff owes him, and the sum acknowledged to be paid, making together $515 75, which he pleads in compensation and reconvention.

Breazeale joined inthe answer of his co-defendant, Boyce, except as to the plea of compensation and reconvention, which is peculiar to the latter. He further avers that the ditching was done for the benefit of Bordelon and others, who are jointly liable with him, if there be any liability) and that it was also done under a special contract which has been broken by the plaintiff.

There was a verdict for the plaintiff, and in accordance therewith, judgment was given against Boyce for $854 27, and against Breazeale for $845. The defendant, Boyce, appealed, after an unsuccessful motion to obtain a new trial on the following grounds :

1. That the court erred, in ordering the case to be tried before a jury, when neither party had required it, and against the express wishes of the defendants.

2. That the verdict is contrary to law and evidence.

3. That the defendants have discovered, since the trial, that Taylor, the counsel and one of the witnesses, was interested in the event of the suit, and that his testimony materially influenced the jury.

It appears to us that the new trial was properly refused:

I. The court may, *ex officio*, order a jury when in its opinion the case requires it.

II. The district court was of opinion that the verdict was supported by the law and evidence ; and we are unable to say that the inferior court erred.

III. The interest of Taylor was not such as to exclude his testimony. He was entitled to a commission of ten per cent on the amount recovered, for his fee. It is settled that an agent who is to receive a commission for his services, is not disqualified from being a witness for his employer. It was further urged against the competency of this witness, that he testified to matters and admissions made by defendants in an attempt to compromise and settle with the plaintiff, which failed. The court correctly disregarded this

last allegation, because the defendants have not sworn that they were unacquainted with this circumstance at the time of the trial.

On the merits the weight of the evidence supports the verdict, and judgment of the district court. In the assessment of damages, the jury appears to have allowed the plaintiff's original claim, as stated in the petition. After deducting the $200 paid by Bordelon, they have divided the balance between the two defendants; and allowed to Boyce the sum he paid to the plaintiff, with that claimed in his answer by way of compensation and reconvention; and to the defendant, Breazeale, the sum admitted to have been paid in the plaintiff's petition, and the only one which he claims. The respective balances due by each defendant, as allowed by the judgment, seem to be correctly struck between the parties.

*Judgment affirmed.*