### LIVAUDAIS v. SPEAR.

It is competent for the court of the first instance, without motion made by either party, to refer a cause to a jury, when the nature of the questions involved, seems to render it proper that a jury should pass upon them. When the cause has been referred, the right to a jury trial can only be dispensed with by the consent of both the parties.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
*Legardeur & Bonford*, for plaintiff. *Roselius & Warfield*, for defendant and appellant.

BUCHANAN, J. After issue joined, this cause was called in due course for trial before the District Court, neither party having prayed for a jury. Evidence was given on both sides, argument heard, and the cause taken under advisement on the 26th of February, 1853. On the 9th of April, 1853, there appears of record an order in these words :

"In this case, the court considering that the issue involved is one which ought to be submitted to a jury—It is therefore ordered, that the same be transferred to the jury docket, and set for trial accordingly."

This order appears to have been made, without motion or appearance of counsel, and *ex proprio motu.* On the 19th of April, 1853, was the following entry :

"In this cause, the counsel for plaintiff having moved the court to rescind the order rendered herein on the 9th of April, 1853, and the court considering that the case would be submitted to the jury under circumstances more disadvantageous to the plaintiff than those under which it was submitted to the court—It is ordered, that the order rendered herein on the 9th of April, 1853, directing the case to be tried by a jury, be rescinded and set aside."

From a bill of exceptions taken to this last ruling, it appears that, when it was made, a jury was in attendance to try the cause in conformity with the order of the 9th of April ; and that the case was at once retaken under advisement by the court, although the defendant claimed a trial by jury, under the first order. At the bottom of this bill of exceptions, we find the following remarks of the Judge :

"This case was transferred to the jury docket upon the supposed consent of the counsel on both sides, that the case would be tried substantially upon the testimony as it stood in the record, when submitted to the court. No reexamination of witnesses was contemplated at the time the order was made. This does not appear to have been the understanding of the counsel for the defence, who were prepared to enter upon the trial of the case *de novo*, under circumstances which would have placed the plaintiff in a more disadvantageous position than he stood in before the court, on the trial of the case—the order referring the case to a jury was therefore rescinded."

In the oral argument on the appeal, we have understood the counsel of plaintiff as contesting the right of the District Judge to refer the cause to the jury docket *proprio motu,* and as justifying its restitution to the decision of the court, by the supposed illegality of the previous order. This is far from being the reason given by the Judge himself for rescinding the order, neither do we consider the position as tenable. It it is well settled, that it is legal for the

court of the first instance, without motion made by either party, to refer a cause to a jury, when the nature of the questions involved, seems to render it proper that a jury should pass upon them.  6 N. S. 265.  1 Rob. 73.  1 Ann. 216.

The legality of the order of the 9th of April, 1853, upon the ground assigned in that order, being established, it appears to follow, as a necessary consequence, that a right to a jury trial had been acquired, which could only be waived by consent of both parties.   The case cannot be distinguished from that of a jury awarded on the prayer of one of the parties ; which, there is no doubt, that party is not at liberty afterwards to dispense with, unless with the consent of the opposite party.  2 M. R. 48.

It is therefore decreed, that the judgment of the court below be reversed, and that the cause be remanded for trial before a jury; the plaintiff and appellee to pay costs of appeal.