SAMUEL, Judge.
On June 1, 1964 plaintiff filed this suit for damages arising out of an automobile accident. The petition contained a prayer for trial by jury. In due course the defendant was served and filed its answer. On July 13, 1964, after the answer had been filed and upon motion made by the defendant, the court set the case for trial on its merits on the court’s regular, i. e. nonjury, *211 docket. Plaintiff’s attorney then mailed to the trial judge a motion and order setting the case for jury trial and fixing the amount of bond to be furnished for such trial. After the motion had been filed the court refused to sign the order for a jury trial. Plaintiff has presented to the trial court no other motion or order for a jury trial nor has he ever made a deposit to cover jury costs.
On application made by the plaintiff we granted an alternative writ of mandamus commanding the trial judge to fix the case for trial by jury upon relator paying the jury fees and furnishing the bond to be determined by the court, or show cause to the contrary. The trial judge has replied and the matter has been submitted for our adjudication.
Two questions are presented: Was the prayer for a jury trial made timely and, if so, was the trial judge required by law to sign the order for jury trial?
The answer to the first question is clear and requires little discussion. Article 1732 of our LSA-Code of Civil Procedure provides: “A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.” In the instant case demand for a trial by jury was made in the petition itself, the first pleading filed. Demand could not have been made sooner and was timely under the above quoted Article 1732.
The answer to the second question is more complicated. The controlling law is Title 13, Section 3050 of the LSA-Revised Statutes, the pertinent part of which reads as follows:
« * * * The party praying for the jury shall deposit with the clerk of the court twelve dollars as jury costs and shall give bond in favor of the parish for such amount as may be determined by the judge to cover the additional cost of the jury, with the right to have the same taxed as costs against the party cast in the suit. No jury shall be ordered in any civil case unless the deposit is made and the bond given. When the judge, ex-officio, shall order a jury in a civil case, the plaintiff shall advance and pay to the clerk twelve dollars for jury costs, which shall be taxed finally against the party cast in the suit. In case the plaintiff fails to advance the costs so ordered the cause shall be continued for thirty days in districts composed of one parish and in districts composed of more than one parish, to the next session of the court, and should plaintiff fail to advance the jury costs within six months from the time the petition was filed, his suit shall be dismissed, as in case of non suit. * * *” (LSA-R.S. 13:3050.)
The answer turns upon the meaning of the term ex officio as used in the third quoted sentence, “When the judge, ex-officio, shall order a jury in a civil case, * * * ” An accepted meaning, and probably the most widely accepted meaning, of ex officio is: By virtue of the office; without any other warrant, appointment or authority than that resulting from the holding of a particular office; having reference to those powers which may be exercised by an officer which are not specifically conferred upon him but are necessarily implied by reason of the fact that he holds the office. See Black’s Law Dictionary 4th Ed., pg. 661. But giving this meaning to the term ex officio as used in the statute results in absurd and insoluble contradictions.
If ex officio as used has this meaning, then the third sentence refers to any and all official, legal orders for trial by jury which have been signed by the judge; in every case the plaintiff, and only the plaintiff, would be required to advance and pay the deposit for jury cost; and, as set forth in the following, the fourth, sentence, the plaintiff is given additional time by way of continuance in which to make such payment and the only penalty for noncompliance, *212 nonsuit, is directed against the plaintiff alone. This is in direct conflict with the first and second quoted sentences of the statute. The first sentence provides that the party paying for the jury shall make the deposit and give the bond while the third sentence, if ex officio is given the meaning above set forth, would require only the plaintiff to make the deposit and would not require the giving of a bond. The second sentence clearly and unequivocally provides that the deposit must be made and the bond must be given before the judge can order a jury in any civil case. It contemplates a prior determination of the amount of the bond by the court. Yet, again if ex officio is given the above meaning, under the third sentence the deposit could be made long after the judge signed the order and no bond need be given. It is quite clear that as used in the statute ex officio could not have been intended to have this meaning.
There is another meaning of the term ex officio which has been frequently used by our courts and which we are satisfied was intended in the use of the term in the statute. That meaning is similar or equivalent to ex proprio motu or “of his own accord”.
The pertinent wording of the third sentence has been preserved intact at least since 1877 (Act No. 44 § 9). And the court did have authority to order a jury trial on its own motion. In addition to the more obvious situation where a petitioner, or other litigant, failed to request trial by jury in a case where such a trial was required by law (as, for example, an expropriation by a railroad or other similar corporation having the right of eminent domain), the trial judge had the authority to order a trial by jury on his own motion whenever in his opinion the case required it. Davis’ Heirs v. Prevost, 6 Mart. (N.S.) 265; Burke v. Breazeale, 1 Rob. 73; Livaudais v. Spear, 10 La.Ann. 24.
Some instances when our courts have used the term ex officio as meaning or being equivalent to ex proprio motu are the following: “None of the parties hereto have raised any question of nonjoinder of the trustee for the bondholders, but the jurisprudence of the state is plainly to the effect that the court is bound ex officio to notice the lack of joinder of an indispensable party.” State ex rel. Gremillion v. Mississippi River Bridge Authority, La.App., 131 So.2d 312, 315; where a plea to the jurisdiction ratione materiae had not been made: “At any rate, every judge is bound to notice, ex officio, any lack of jurisdiction ratione materiae.” Scott v. Howell, 177 La. 137, 141, 148 So. 6, 7; again where a question of jurisdiction was not raised by any litigant: “It is well settled, however, that, when jurisdiction is wanting, the court is bound ex officio to notice it because a judgment of a court wanting such jurisdiction is null.” Smith v. Shehee, La.App., 143 So. 339, 342; where a sequestration had not been requested and the trial judge, nontheless, had ordered the sequestration: “There is a power in the courts ex officio to direct the sequestration of property, to protect the rights of litigants.” Schwan v. Schwan, 52 La.Ann. 1183, 1188, 27 So. 678, 680. The point we are making is especially well illustrated in Burke v. Breazeale, supra, 1 Rob. at page 74. In that case one of the contentions made on appeal was that the trial court had erred in ordering the case to he tried before a jury when neither party had demanded a trial by jury. The court answered this contention with these words: “The court may, ex officio, order a jury when in its opinion the case requires it.”
Using ex proprio motu as the meaning of the term ex officio clears up all contradictions resulting from a use of the meaning first discussed. With ex officio meaning “of his own accord” or “on his own motion” the third quoted sentence has reference only to the case where the judge orders a jury trial on his own motion and not on the motion of any litigant. In that case, understandably, it is the plaintiff alone who must furnish deposit for the jury costs, the penalty (nonsuit) is directed against the plaintiff alone, and no bond is required. The two *213 preceding quoted sentences have reference to the case where the jury is demanded by a litigant.
We conclude that under the facts ■of the instant case the trial judge was correct in refusing to sign the order for a civil jury presented to him by the plaintiff. LSA-R.S. 13:3050 prohibited him from doing so until the plaintiff had done two things: (1) made the twelve dollar deposit to cover jury costs and (2) given bond in favor of the parish in an amount previously determined by the judge as sufficient to cover additional jury costs. Plaintiff has done neither.
For the reasons assigned, the alternative writ of mandamus issued in this case is recalled and vacated and the proceedings in this court are dismissed at relator’s cost.
Writ recalled and vacated and proceedings dismissed.