SARTAIN, Judge.
We issued writs in this matter to review the ruling of the trial judge which recalled and vacated a previous order granting relator a trial by jury. The statute in question is L.R.S. 13:3050 and particularly the portion thereof which requires the deposit of $12.00 with the Clerk of Court as a requisite to a civil jury trial.
The facts giving rise to this dispute are not in controversy. Suit was filed on August 6, 1965. On this date plaintiff deposited the sum of $27.00 with the Clerk of Court. On August 11, 1965, the district judge signed an order for a trial by jury conditioned upon plaintiff furnishing bond in the sum of $750.00. Subsequently, nu *278 merous motions and exceptions were filed and disposed of which are not germane to the issue at hand. In August of 1970 relator requested a pre-trial conference which was set for September 18, 1970. At this conference counsel for respondent raised the point that plaintiff had failed to deposit the $12.00 within six months of the date of the filing of the suit and questioned plaintiff’s right to a jury trial. At this juncture the district judge pretermitted the appointment for a pre-trial conference and stated he would give counsel for respondent time to research and brief the issue. On October 1, 1970 respondent caused to be issued a rule nisi directing relator to show cause why the order of August 11, 1965 granting a jury trial should not be vacated and recalled. The rule was heard on November 13, 1970 and was made absolute and the order of August 11, 1965 was rescinded. The trial judge did not give written reasons but it is conceded by the parties that in his oral reasons for judgment he concluded that plaintiff had not deposited the sum of $12.00 on the filing of his suit and therefore failed to comply with L.R.S. 13:3050 and forfeited his right to a trial by jury.
The statute in question provides as follows :
“In all civil cases in which a jury is prayed for and allowed, the jury shall be composed of twelve members, nine of whom concurring may render a verdict. The party praying for the jury shall deposit with the clerk of the court twelve dollars as jury costs and shall give bond in favor of the parish for such amount as may be determined by the judge to cover the additional cost of the jury, with the right to have the same taxed as costs against the party cast in the suit. No jury shall be ordered in any civil case unless the deposit is made and the bond given. When the judge, ex-officio, shall order a jury in a civil case, the plaintiff shall advance and pay to the clerk twelve dollars for jury costs, which shall be taxed finally against the party cast in the suit. In case the plaintiff fails to advance the costs so ordered the cause shall be continued for thirty days in districts composed of one parish and in districts composed of more than one parish, to the next session of the court, and should plaintiff fail to advance the jury costs within six months from the time the petition was filed, his suit shall be dismissed, as in case of non suit. In districts composed of one parish, the clerk shall pay, at the end of every month during which sessions of court are held and in districts composed of more than one parish, at the close of each session, over to the parish treasurer the total civil jury tax which may have accrued under the provisions of this section. This fund shall be expended for no other purpose than that for which it was deposited. Nothing herein shall be so construed as to require payment by any party of such jury costs more than once. When a trial by jury in a civil case is prayed for and allowed or when one is ordered ex-officio by the judge, he shall on application of either party to the cause, in case there be no venire of jurors from which to select a jury, order the commission to draw such number of jurors as he may deem necessary to try and determine the cause, drawing to be made in accordance with the forms prescribed by R.S. 13:3044. In the trial of all civil jury cases each party, plaintiff and defendant, shall be entitled to six peremptory challenges, and no more.”
Relator argues that the trial judge erred in the following respects: (a) in holding that L.R.S. 13:3050 had not been repealed by the adoption of the Louisiana Code of Civil Procedure; (b) in holding that the question of advance deposit of costs can be raised by a party litigant, rather than the Clerk of Court alone, with the exception of the motion for security for costs; (c) in sustaining the motion as written thus denying relator a trial by jury rather than giving the plaintiff the alternative to pay the $12.00 jury cost or lose his right to trial by jury; (d) in failing to find, in truth and *279 in fact, that the $12.00 jury cost had been paid by petitioner and (e) in finding that the Clerk’s failure to demand additional deposit of costs may serve to deprive plaintiff of his constitutional right of trial by jury.
Respondent answers by asserting that the responsibility for procedurally perfecting a right to trial by jury rests with relator and it was through relator’s fault and/or error that the $12.00 deposit was not made as a condition to obtaining the order granting a jury trial. Respondent also denies that L.R.S. 13:3050 has been repealed by the adoption of the Code of Civil Procedure.
We recognize that the adoption of the Code of Civil Procedure (Arts. 1761 et seq.) does in fact amend L.R.S. 13:3050 et seq. in several material respects. However, these amendments do not relate to the advance payment of $12.00 as provided by the statute and we are of the opinion that the requirement still exists. This payment is in addition to the bond that a party seeking a jury trial must furnish to defray the added expense of the litigation.
Further, we are of the opinion that any party to a litigation who objects to a trial by jury has the right to raise any objection going to the failure of the party desiring a jury trial to meet the requirements therefor.
The errors cited by relator as (c) and (d) have merit and pertain to the manner in which this controversy arose. Counsel for relator argues in brief that when plaintiff’s petition was filed an inquiry was made of the Clerk of Court as to the cost required to be advanced for its filing. Upon being advised that the cost was $27.-00, counsel for relator paid the same.
When the matter was heard on the rule, a deputy clerk testified that the sum of $27.00 was allocated in the amounts of $2,-00 to the Sheriff for the Parish of East Baton Rouge for service upon a defendant through the Secretary of State, $6.00 was for the local sheriff’s cost, a filing and docket fee of $1.00, a citation and copy fee of $2.00, a recording fee of $5.00, a copy of the petition $2.00, binding of the record $1.00 and filing returns of $1.00 for a total cost of $20.00. Her testimony does not disclose what allocation was made of the remaining balance of $7.00.[1] Counsel for relator argues that the $27.00 should be allocated in the amounts of $10.00 for a filing fee (L.R.S. 13:842), $5.00 for services and citations and $12.00' for jury costs. Alternatively, counsel for relator argues that when the Clerk asked him for the $27.00 he had every reason to assume that this sum included the $12.00 as required by L.R.S. 13:3050. Naturally, the deputy clerk who testified could not recall the particular incident and could only testify based on the Clerk’s costs docket.
L.R.S. 13:3050, quoted above, if strictly interpreted requires not only the deposit of $12.00 but also the furnishing of bond in an amount set by the judge before an order for a jury trial can issue. Coates v. State Farm Mutual Automobile Insurance Company, 169 So.2d 210 (4th La.App., 1964). However, we noted in Scott v. Hardware Mutual Insurance Company, 207 So.2d 817 (La.App.1968) that the bond itself had to be furnished sufficiently in advance of the date set for a jury trial to permit the orderly and routine selection of veniremen. In the latter case the order for a jury trial signed at the time the suit was filed was “conditioned” upon plaintiff’s furnishing bond. The deposit of $12.00 was not an issue. Plaintiff, in Scott, had undoubtedly made this deposit at the time of the filing of the petition. In Coates, the plaintiff had neither deposited the $12.00 nor furnished bond and the trial judge under these circumstances declined to sign the order. We do not consider Coates controlling in the instant matter because we gather from the opinion that plaintiff had declined or refused to deposit *280 the $12.00 or to furnish bond and therefore the facts are inapposite to those in the instant matter.
In the case at bar a review of the record convinces us that the failure to deposit the $12.00 fee as required by the statute was the result of a misunderstanding between personnel in the office of the Clerk of Court and the attorney for the plaintiff. There is no doubt in our minds, as urged by counsel for relator, that if the $12.00 had been requested in addition to the $27.-00 which was furnished that counsel for relator would have paid the added sum. The suit was filed on August 6 and the order for the jury trial, conditioned upon the furnishing of bond, was not signed by the trial judge until August 11, 1965. It is apparent that the district judge was not available on August 6 and that the order was given to him on the 11th for signing by a representative of the Clerk of Court’s office and the trial judge assumed that the $12.00 deposit had been made or else he would not have signed the order.
As previously stated from the date of the filing of this suit on August 6, 1965 until August of 1970 when a pre-trial conference was required numerous motions, counter-motions, exceptions, interrogatories and responses were filed in this record. The question of the $12.00 deposit was not raised during this five year period. Considering the vigor with which these interlocutory matters were pursued and the lapse of time -involved lend emphasis to relator’s argument that the matter of the $12.00 deposit was a misunderstanding between himself and the Clerk of Court. We note from the record that several years following the filing of this suit other pleadings were filed which would have accorded plaintiff the right to then request a jury trial (C.C.P. Art. 1732) had this not been done previously, thus extending the six months delay relied upon by respondent and the trial judge according to their respective interpretations of L.R.S. 13:3050. The six months delay provided for in L.R. S. 13:3050 pertains to those cases in which the judge “ex-officio” exercised the authority previously granted to a trier of fact to order a jury trial when none was requested by the litigants. We view the statute as actually requiring the $12.00 deposit on the filing of the suit or at the timely request for a jury trial. Counsel argues that he stands ready to make this deposit and to furnish the required bond and should be given the opportunity to do so. For the foregoing reasons, we believe that he should be given an opportunity to do so.
Accordingly, the writs previously issued herein are made absolute and the order of the trial judge of November 13, 1970 is hereby recalled and set aside and this matter remanded to give the plaintiff the opportunity to make the $12.00 deposit within ten days after this decision becomes final and to furnish bond as may be directed by the trial court. Costs of this suit are to be borne by respondent. All other costs are to await a final determination on the merits.
Writs made peremptory and judgment reversed.

. This latter sum obviously remained on the costs docket as a credit to plaintiff.