FRUGÉ, Judge.
Plaintiff, Dominique O. Royer, filed a personal injury suit on November 7, 1969, asking for damages and further praying for a trial by jury. The only fee paid at that time was the requisite filing fee. On November 10, 1969, the trial judge signed an order allowing the plaintiff a trial by jury. Plaintiff was duly notified that he had to file a bond prior to July 22, 1970. This requirement he complied with, and on that date the trial judge signed an “Order to Summon Jury Commissioners”.
On September 4, 1970, the defendant filed a “Motion to Dismiss as of Non-Suit for Failure to Advance the Jury Costs”. Defendant alleged in Paragraph 3 of this motion:
“That under Louisiana Revised Statute 13:3050 it is provided that ‘should plaintiff fail to advance the jury costs within six (6) months from the time the petition was filed, his suit shall be dismissed as in the case of nonsuit’.”
That motion was heard on the 9th of September, 1970, and on the 10th, the trial judge signed a judgment dismissing the plaintiff’s suit as of non-suit.
The only issue presented in this appeal is whether the trial judge was correct in dismissing the plaintiff’s case for failure to file the $12.00 jury fee.
The initial requirement for a $12.00 jury fee is set out in LSA-R.S. 13:3050. The language of that statute is as follows:
“In all civil cases in which a jury is prayed for and allowed, the jury shall be composed of twelve members, nine of whom concurring may render a verdict. The party praying for the jury shall deposit with the clerk of the court twelve dollars as jury costs and shall give bond in favor of the parish for such amount as may be determined by the judge to cover the additional cost of the jury, with the right to have the same taxed as costs against the party cast in the suit. No jury shall be ordered in any civil case unless the deposit is made and the bond given. When the judge, ex-officio, shall order a jury in a civil case, the plaintiff shall advance and pay to the clerk twelve dollars for jury costs which shall be taxed finally against the party cast in the suit. In case the plaintiff fails to advance the costs so ordered the cause shall be continued for thirty days in districts composed of one parish and in districts composed of more than one parish, to the next session of the court, and should plaintiff fail to advance the jury costs within six months from the time the petition was filed, his suit shall be dismissed, as in case of non suit. In districts composed of one parish, the clerk shall pay, at the end of every month during which sessions of court are held *191 and in districts composed of more than one parish, at the close of each session, over to the parish treasurer the total civil jury tax which may have accrued under the provisions of this section. This fund shall be expended for no other purpose than that for which it was deposited. Nothing herein shall be so construed as to require payment by any party of such jury costs more than once. When a trial by jury in a civil case is prayed for and allowed or when one is ordered ex-officio by the judge, he shall on application of either party to the cause, in case there be no venire of jurors from which to select a jury, order the commission to draw such number of jurors as he may deem necessary to try and determine the cause, drawing to be made in accordance with the forms prescribed by R.S. 13:3044. In the trial of all civil jury cases each party, plaintiff and defendant, shall be entitled to six peremptory challenges, and no more.”
The requirement of the payment of jury costs is not a recent requirement in our state but has existed by statute for over a century; at least from the time that this jury device was introduced into our judicial system.
While the statute at bar has existed for so great a length of time, there have been relatively few cases interpreting its language. More particularly, no cases have been reported presenting the issue that is before us.
However, we believe that the cited statute is patently clear and that it requires the party praying for the jury to pay the sum of $12.00 as jury costs in every case where a jury trial is ordered. Further, where the plaintiff has requested the jury trial, he has to advance jury costs and must do so within 6 months from the time the petition is filed, or else, as in the instant suit, his suit shall be dismissed as in the case of non suit. The language of the statute used the mandatory “shall” and does not leave the matter within the discretion of the trial judge, but compels him, as in this case, to order dismissal of the case as of non suit.
By no stretch of the imagination do we think that the words “costs” in the fifth sentence be interpreted to not mean the “$12.00 as jury costs” of the second sentence. Appellant has attempted to argue to us that as used in that sentence, the word “costs” does not mean cost but bond. However, that cannot be the case. The word cannot be construed to have a meaning entirely different from its accepted meaning and the meaning used in the preceding sentences. In fact, our contemporaries in the Coates case, infra, had construed this language to mean that no bond is required, while the payment of jury costs is required.
Plaintiff-appellant contends that the use of the term “ex-officio” in the fifth sentence restricts the mandatory dismissal for failure to pay jury costs to those instances where the judge has himself, or by his own motion ordered that the trial be by jury. For this proposition, he cites Coates v. State Farm Mutual Automobile Insurance Co., 169 So.2d 210 (La.App. 4th Cir., 1964).
Clearly, the design of the statute was to require the payment of jury costs for a party seeking a jury trial. The mandatory dismissal of the fifth sentence is a way to enforce that requirement. Clearly, the dismissal applies to a plaintiff who has failed to pay the jury costs, after requesting a jury trial. A defendant requesting a jury trial usually does not have a suit to be dismissed, nor can the defendant by failing to pay jury costs, have a plaintiff’s suit dismissed; hence, this accounts for the use of the word “plaintiff” in the fourth and fifth sentences.
A reading of the Coates case, supra, indicates that a different issue was presented in that case. That court was merely called upon to decide whether the judge could refuse to sign an order granting a *192 jury trial when plaintiff had not paid the jury costs and had failed to file the bond. In so reaching this conclusion, that court accepted a narrow definition of the word “ex-officio”; however, with deference to accepted authorities.
The most widely accepted meaning of “ex-officio” is:
“* * * by virtue of the office; without any other warrant or appointment than that resulting from the holding of a particular office.
“Powers may be exercised by an officer which are not specifically conferred upon him, but are necessarily implied in his office.” See: Black’s Law Dictionary, 4th Ed., p. 661.
The interpretation of the fourth and fifth sentences by use of this definition gives a clearer expression to the requirement of paying jury costs. No compulsion to pay that fee would be exerted upon a party praying for a trial by jury except as in the Coates case, a refusal to sign the order by the judge, which is not the case here. Here the judge did sign the order, but later revoked it. Clearly, the penalty for non-compliance is a dismissal once the signed order is obtained.
This case is also unlike Parish v. Holland, 166 La. 24, 116 So. 580 (1928), cited by the appellant. In that case, the $12.00 deposit was made and the bond was filed.
 We find no merit in appellant’s contention that in this instant case, plaintiff will have been caused undue delay in getting justice. Plaintiff could have avoided this delay by paying the fee. The sum required is so small that it is difficult to conclude that the plaintiff could have been placed in undue hardship by financial inability to pay. If that be the case, he could have sought relief by proceeding in forma pauperis.
The payment of costs is clearly required under this statute and plaintiff must comply with the mandatory requirement else suffer the penalty of having his suit dismissed.
For the foregoing reason, the judgment appealed from is affirmed. Appellant to pay the costs.
Affirmed.