264 So.2d 607

Dominique O. ROYER

v.

ROYAL GLOBE INSURANCE CO., et al.

No. 51841.

June 29, 1972.

Sidney P. Landry, Jr., John G. Poteet, Jr., Lafayette, for plaintiff-applicant.

Davidson, Meaux, Onebane & Donohoe, James J. Davidson, III, L. Lane Roy, Lafayette, for defendants-respondents.

BARHAM, Justice.

Writs were granted to review a Court of Appeal judgment, 252 So.2d 189, affirming the district court's dismissal of plaintiff's case as of non-suit under a finding that plaintiff failed to pay the clerk of court the $12.00 jury fee required under R.S. 13:3050 when trial by jury is requested.

The plaintiff filed a personal injury suit and asked for trial by jury, and an order was signed by the trial judge granting the jury trial upon plaintiff's furnishing bond. Plaintiff filed his petition with the clerk of court and made a deposit of $30.00 on November 7, 1969. The order for jury trial conditioned only upon furnishing bond was signed November 10, 1969, and a $1500.00 surety bond was executed on July 20, 1970. On July 22, 1970, the cause was set for trial before a jury on September 10, 1970, and jurors were ordered drawn and summoned for the case. On September 4 defendants filed a motion to dismiss as of non-suit for failure to advance jury costs, and the judge sustained the motion on September 10.

Both courts below found that there was a mandatory requirement that an applicant praying for jury trial deposit $12.00 as jury costs within six months from the filing of the petition, and that since plaintiff had failed to make this deposit, his failure to do so required a dismissal of the case as of non-suit. We reverse.

Our determination rests upon a contrary construction of R.S. 13:3050. While the pertinent language is contained within one paragraph, we will for clarity discuss separately the two provisions determinative of this issue.

The first three sentences read:

"[1] In all civil cases in which a jury is *prayed for* and allowed, the jury shall be composed of twelve members, nine of whom concurring may render a verdict. [2] The *party praying* for the jury shall deposit with the clerk of the court twelve dollars as jury costs and shall give bond in favor of the parish for such amount as may be determined by the judge to cover the additional cost of the jury, with the right to have the same taxed as costs against the party cast in the suit. [3] No jury shall be ordered in any civil case unless the deposit is made and the bond given. * * *" (Emphasis here and elsewhere is supplied.)

It is obvious from this language alone that the party praying for a jury, whether plaintiff or defendant, can have a jury trial ordered only upon deposit of the jury fee and the costs bond. The court and the opposing litigants have numerous procedur-

al remedies available if the jury fee or the bond is not deposited. There is nothing to indicate that the party moving for the jury trial loses anything for failure to deposit the fee or file the bond except the right to a jury trial. However, both courts below construed Sentences 4 and 5 of R.S. 13:3050 to apply to the first three sentences of that statute, so as to require *the dismissal of plaintiff's claim as of non-suit.* Sentences 4 and 5 read:

" * * * [4] When the judge, *ex-officio,* shall order a jury in a civil case, *the plaintiff* shall advance and pay to the clerk twelve dollars for jury costs, which shall be taxed finally against the party cast in the suit. [5] In case *the plaintiff* fails to advance the costs so ordered the cause shall be continued for thirty days in districts composed of one parish and in districts composed of more than one parish, to the next session of the court, and should *plaintiff* fail to advance the jury costs within six months from the time the petition was filed, his suit shall be dismissed, as in case of non-suit. * * * " .

In Coates v. State Farm Mutual Automobile Insurance Company, La.App., 169 So.2d 210 (4th Cir. 1964), that court construed the phrase "ex-officio" to mean "ex proprio motu", "of his own accord", or

some equivalent. The Court of Appeal in the instant case accords "ex-officio" the limited meaning of "by virtue of the office". Obviously "ex-officio" is redundant and of no value when given this technical definition.[1] Moreover, to accord the phrase this meaning makes Sentences 2 and 4 completely contradictory. Under Sentence 2, whichever party prays for the jury deposits the fee. Under Sentence 4, the plaintiff is required in every case to deposit it. Certainly the Legislature did not intend such a conflict. To give the statute a reasonable meaning, one without conflict or contradiction, we must accept the view of the Fourth Circuit Court of Appeal in Coates that "ex-officio" means "ex proprio motu". Under this conclusion the fourth and fifth sentences would apply in cases where the judge orders a jury ex proprio motu, on his own motion, or as required by law, and the preceding sentences would apply when the jury is ordered upon application of one of the parties litigant.

R.S. 13:3050 has as its source legislative acts of 1877, 1894, 1896, and 1898. Although we are unable to find any provision in existence now for a jury trial to be ordered in a civil case except upon the motion of one of the litigants, our Civil Code and our Code of Practice of 1870 did pro-

---

1. Further down in the same statute is found: " * * * When a trial by jury in a civil case is prayed for and allowed *or* when one is ordered ex-officio by the judge * * * ." This language certainly contemplates that "order ex-officio" means "ordered on his own motion", as opposed to "ordered on the motion of one of the litigants".

vide that a "freeholders' jury" was required to be empanelled in expropriation suits. See Revised Civil Code of 1870, Arts. 2631, 2632, and Code of Practice of 1870, Arts. A180, A181 et seq.[2] These articles had as their source Acts of 1852, No. 119, Section 3, and Acts of 1855, No. 38, Section 3. Moreover, prior to this legislation early jurisprudence recognized the right of a judge to order a trial by jury without motion by either party when in the judge's discretion the nature of the case appeared to require a jury. Without detailed study we conclude that this early jurisprudence was created by common-law-oriented judges out of the common law rather than from the civil law, the territorial law or state procedural statutes. See Acts of the First Session of the Legislative Council of the Territory of New Orleans, 1805, Chapter XXV, Section 6. Cf. Rules of Court, Superior Court of the Territory of New Orleans, 1 Mart. (O.S.) 82.[3] Davis' Heirs v. Prevost, 6 Mart. (N.S.) 265 (1827); Burke v. Breazeale, 1 Rob. 73 (1841); Hoffman v. Western Marine and Fire Insurance Company, 1 La.Ann. 216 (1846), all refer to a court ordering a trial by jury "ex officio", with the obvious intent for that term to mean "ex proprio motu", or "of his own accord". In Livaudais v. Spear, 10 La.Ann. 24 (1855), the court uses the correct term "ex proprio motu" as it cites the three earlier cases for its authority that a judge may order a trial by jury "without motion by either party". The 1877 act, the original, and subsequent revisions including R.S. 13:3050 inadvertently adopted and retained the imprecise language of these earlier cases.

When juries could be ordered by the court on its own motion or under mandate of law as well as upon motion by a party litigant, it was necessary that the statute make a distinction that in the first instance the plaintiff was required to advance the jury fee, whereas upon motion for a jury by a party litigant the mover should advance the fee. The enforcement arrangement of dismissal as of non-suit under Sentences 4 and 5 of R.S. 13:3050 would have been necessary under the freeholders' jury in expropriation cases for there could be no proceedings whatever without a jury (in absence of waiver), and a non-suit was the only alternative to the plaintiff's non-compliance with the requirement that he

2. Insofar as these articles required a jury trial in expropriation suits, they were made ineffective by Acts of 1948, No. 325, Section 2, providing: "Juries in expropriation cases are hereby abolished, and each expropriation case shall be tried before the Court without a jury." Our present law, R.S. 19:4, provides: "All expropriation cases shall be tried before the court without a jury." R.S. 48:-492, 493 provide for a different jury of freeholders.

3. These rules provided procedure for empanelling a "struck jury", a special jury originating in the common law. See 50 C.J.S. Juries §§ 5, 199.

deposit jury costs within six months from the filing of the petition.

■ We hold Sentences 4 and 5, which appear to be obsolete, to be totally without effect upon the first three sentences of R. S. 13:3050 which contain the provisions determinative of the issue before us. The failure of the mover for jury trial to deposit the jury fee or file the required bond is ground for denial of the right to trial by jury, but does not give rise to a dismissal as of non-suit.

In the instant case we could reverse and simply remand under this holding for trial before a judge alone. However, although the trial court and the Court of Appeal made a factual determination that the $12.-00 jury fee deposit was not made before the motion to dismiss was ruled upon, we are unable to make this determination as a matter of fact upon the record before us.

In the motion to dismiss the defendants admitted that $30.00 was deposited with the filing of the petition. R.S. 13:3050 reads in part: " * * * No jury shall be ordered in any civil case *unless the deposit is made* and the bond given. * * * " R.S. 13:842 requires an advance costs deposit of not less than $10.00, and therefore, unless local court rules (which are not before us) increased the costs, the $30.00 advance costs deposited by this plaintiff would have covered the jury fee. The trial judge ordered the jury trial upon only one suspen-

sive condition, and that was the filing of the bond for costs. Under the maxim omnia rite acta praesumuntur the trial judge's order would be presumed to have been in compliance with the quoted section of R.S. 13:3050.

However, the trial court later, upon the hearing of a contradictory motion (which alleged $30.00 was deposited but also alleged no jury fee was filed), ordered dismissal, obviously being then of the opinion that the jury fee was *not included* in the $30.00 advance deposit. The omnia rite acta presumption would equally apply to this ruling.

■ Although the trial court may have had sufficient evidence to support its factual determination, we are unable, as already stated, to make a factual determination on the record before us. The right of one who requests it to have a jury trial is favored in the law. Considering the contradictory positions of the trial judge below and particularly the first order which could have lulled the plaintiff into a false position, we will remand to the trial court with instructions that it make a determination of whether the jury fee has in fact been advanced, and if the fee was not advanced, it allow the plaintiff 10 days in which to make the deposit. This is not to lay down a rule of law in regard to when jury fees are to be deposited but rather to do what we believe is substantial justice upon the record before us. See C.C.P.

Arts. 2164, 5051. See also Campbell v. Bogalusa Country Club, La.App., 246 So.2d 277 (1st Cir. 1971).

The judgment of the Court of Appeal affirming the trial court is reversed, and the case is remanded to the trial court. That court is to determine in proceedings in accord with this opinion whether the jury fee has been deposited. If the finding is that it has not been deposited, the plaintiff is to be afforded 10 days from rendition of the judgment in that proceeding to file the jury fee, and if he fails to do so, the case shall be placed upon the regular docket of the court for trial before the judge alone. The costs in the Court of Appeal and in this court are to be cast upon the defendants.

SUMMERS, J., concurs.