COLE, Judge.
The issue in this case is whether, under then existing law, the trial court erred in vacating, ex parte, its prior order granting a jury trial; and, in ordering the case be set for trial without a jury. The action was taken because the party requesting the jury trial failed to post timely the required bond. Concluding the trial court did not err in this instance, we affirm.
This case involves a suit on a note. The facts are not pertinent to the issue at hand and therefore we will not expound upon them in any detail. Plaintiffs, Charles Hurston and his wife, Henrietta Keller, filed suit against defendant, Northlake Investment Corporation, attempting to enforce an “acceleration clause” in a promissory note and asking for recognition of a special mortgage and vendor’s lien. Defendant asked for a jury trial in its answer to the suit. The trial court signed an order on August 27, 1981 granting the jury trial upon defendant furnishing bond in the amount of $3,500 to cover the additional cost of the jury. On August 31, 1981, the Clerk of Court’s office sent a notice to both of defendant’s attorneys of record, advising the bond had been set in the specified sum. On April 5, 1982, plaintiffs filed a “Motion To Set For Trial.” At the bottom of the document, deputy clerk, Jill S. Hunt, typed the following note:
“Dear Mr. Pierson, [attorney for plaintiffs]
“Please be advised that Jerome Lipsich [attorney for defendant] has requested a Jury Trial and as of this date he has not filed a bond, therefore I am unable to set this matter for trial.”
Thusly, counsel for plaintiffs was advised of the problem.
On April 20, 1982, pursuant to a motion filed April 14, the court permitted both law firms representing defendant to withdraw as counsel. On April 27 the law firm of Muller & Jumonville sought recognition as counsel for defendant. By order of May 12 this was permitted. On August 11 counsel for plaintiffs again filed a “Motion To Set For Trial.” On September 3 the deputy clerk again advised counsel for plaintiffs the jury bond had not been filed and, therefore, the case was not ready for trial. Asserting that under La.R.S. 13:3050 the party requesting a jury trial must provide the bond within 60 days of the clerk’s notice of the signing of the jury trial order, on January 31, 1983 plaintiffs moved to vacate the order for a jury trial. In the same motion plaintiffs asked that the case be set for trial without a jury. The court, ex parte, granted the motion on February 7.
On February 18, 1983, counsel for defendant filed a “Motion to Vacate Order Vacating Jury Trial.” Defendant alleged it was entitled to a hearing on the matter because the failure to provide the jury bond was a result of the change in counsel. A hearing was held and on May 5 the court denied the motion. Defendant then filed this appeal contending essentially it had relied upon prior counsel to post the necessary bond and they had failed to carry through their responsibilities.[1]
*1282 During the time period in question, the applicable statute, La.R.S. 13:3050, read in pertinent part as follows:[2]
“In all civil cases in which a jury is prayed for and allowed, the party praying for the jury shall give bond in favor of the parish for such amount as may be determined by the judge to cover the cost of the jury, which cost shall be taxed as provided for in Louisiana Code of Civil Procedure Articles 1920 and 2164. No jury shall be ordered in any civil case unless the bond is given. The clerk of court shall give immediate notice by certified mail to all parties of the signing of the order allowing the trial by jury. The party who prayed for the trial by jury shall give the required bond within sixty days of the mailing of the notice by the clerk of court. The party requesting trial by jury may not be compelled to post a cash bond prior to trial. If the bond is not given within such time, any party may move, for an order vacating the original order. Upon issuance of an order vacating the order for trial by jury, the trial shall proceed without a jury. When a trial by jury in a civil case is prayed for and allowed or one is ordered by the judge, the judge shall, on application of either party to the cause, in case there be no venire of jurors from which to select a jury, order the commission to draw such number of jurors as he may deem necessary to try and determine the cause, drawing to be made in accordance with the forms prescribed by R.S. 13:3044. (Emphasis added.)
Appellant relies heavily on the case of Royer v. Royal Globe Insurance Co., 262 La. 685, 264 So.2d 607 (1972), for the proposition that the right of one requesting a jury trial is favored in law. While we do not argue with this general principle, we find Royer distinguishable from this case. In Royer, the defendants alleged the plaintiff (who had requested the jury trial) had failed to deposit the $12 advance jury costs, as required by La.R.S. 13:3050 as it read at that time. The defendants filed a motion to dismiss as of non-suit based upon the lack of the deposit and the trial court granted the motion and dismissed plaintiffs suit. The Court of Appeal affirmed but the Supreme Court on writs reversed and remanded, noting there was some confusion as to whether or not the jury deposit had in fact been paid. The trial court was ordered to make this determination upon remand. If the deposit had not been paid, the plaintiff was to be allowed ten days to pay it. If the ten days passed without payment the case would then be placed upon the regular docket of the court for trial before the judge alone.
In reaching this conclusion the court made the following observation, which is completely in line with our reasoning here:
“The failure of the mover for jury trial to deposit the jury fee or file the required bond is ground for denial of the right to trial by jury, but does not give rise to a dismissal as of nonsuit.” 264 So.2d 607, 610.
The purpose of the remand in Royer was to determine whether or not the deposit had actually been paid. There is no confusion in the present case concerning the bond. It has not been filed. Accordingly, a remand for purposes of a factual determination is unnecessary. In Royer, the ten day “grace period” was provided because of the factual confusion. Plaintiffs case had been dismissed upon the premise of nonpayment of the deposit. Here, there has been no dismissal of the suit. The court simply did what the Royer court stated should be done, it assigned the case as a nonjury matter.
Plaintiffs argue the terms of the statute state clearly if the bond is not filed within sixty days of the court’s order for the jury trial, any party may move to have the order vacated. In the present case almost a year *1283 and a half elapsed between the notice of the order granting the jury trial and the subsequent action of the court in vacating its prior order.
Defendant argues the court should have granted a hearing prior to vacating the order for a jury trial in that the statute does not state it is mandatory the court revoke its order for failure to post timely the bond. While the court could have granted such a hearing prior to its action, we hold it was not error for the court to issue the order ex parte. The purpose of La.R.S. 13:3050 is to prevent unreasonable delays in the litigation process and to expedite trial.
Appellant contends it is unjust to vacate the order for a jury trial because the confusion over the bond was caused mainly by a change in counsel. The change in counsel occurred some 6 months after the bond should have been posted. At that time it was encumbant upon new counsel to examine the record and to otherwise determine the status of the case. Such an effort would have revealed the lack of a bond. There were two notations in the record, one in April of 1982 and another in September of 1982, whereby the deputy clerk made it perfectly clear the jury bond had not yet been provided. Present counsel could have filed the jury bond any time during the approximate nine months that elapsed from their enrollment as counsel of record and plaintiffs’ motion to have the order for jury trial vacated. Counsel took no action during this period of time and cannot now be heard to complain it is unfair the jury order was vacated. Fairness is a double edged sword and must always be viewed from the standpoint of both plaintiff and defendant. Considering plaintiffs’ attempts over a prolonged period of time to have this case set for trial, it is they who would suffer unfairness were we to now reverse the trial court thereby risking still further delay.
We conclude the defendant had more than ample time to file the jury bond. A cursory examination of the record or of prior counsel’s file would have revealed the bond had not been filed. Under the express terms of La.R.S. 13:3050 the trial court acted properly in vacating the order. For these reasons the judgment of the trial court is affirmed. Costs of this appeal are to be paid by appellant.
AFFIRMED.

. The judgment appealed from (which vacated the order for a jury trial) is an interlocutory judgment and normally not appealable. However, appellant argues it will suffer irreparable harm if deprived of the jury trial, making the judgment appealable under Code of Civ.P. art. 2083. In our view, denial of a jury trial is not always tantamount to irreparable harm. Re *1282 gardless, in this instance we choose to pretermit the question and decide the appeal. Appellate delay already incurred is a factor in deciding to do so.

. This statute was repealed by Acts 1983, No. 534, § 11, effective August 30, 1983.